In the Matter of the Claim of LEO ALPERT, Respondent, *v.* J. C. & W. E. POWERS et al., Appellants.

**Workmen's Compensation Law — does not authorize compensation for injuries merely contemporaneous with the employment and of which the employment is not the proximate cause — erroneous award where facts do not justify the conclusion that the injury arose out of or in the course of employment.** ·

1. The Workmen's Compensation Act does not afford compensation for injuries or misfortunes which merely are contemporaneous or coincident with the employment or collateral to it. The personal injury must .be the result of the employment and flow from it as the inducing proximate cause. The direct connection between the personal injury as a result and the employment as its proximate cause must be proved by facts before the right to compensation springs into being. ·

2. Claimant was a cylinder feeder whose work required him to lift a bundle of paper weighing from forty to sixty pounds from the floor to his shoulder and carry it up two or three steps to his press. This he had done about twenty times a day during the previous seven years. On the 'morning of the day mentioned he felt pains in his stomach, became sick, and went home about four o'clock in the afternoon. It was discovered later that he was ruptured on the right side. No medical evidence was given before the commission as to the nature or cause of hernia. No attempt was made to prove that the lifting in this case could have produced the rupture which later developed, and no finding that this hernia was caused by the lifting of paper, or by any strain, or was in any way due to the work that he was performing. *Held,* that the findings that the injuries were accidental and arose out of and in the course of his employment are conclusions without facts or evidence to support them.

*Matter of Alpert* v. *Powers,* 181 App. Div. 902, reversed.

(Argued January 8, 1918; decided March 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1917, affirming an award of the

state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Jeremiah F. Connor* for appellants.   There is no evidence supporting the findings of the commission that the hernia was an accidental injury, and the award should be reversed as error of law.   (*Fowler* v. *Risedorph Bottling Co.*, 175 App. Div. 224; *M. A. Assn.* v. *Barry*, 131 U. S. 100; *Fenton* v. *Thorley*, 5 B. W. C. C. 1; *Moore* v. *L. V. R. R. Co.*, 169 App. Div. 177; *Kutschmar* v. *Briggs Mfg. Co.*, 163 N. W. Rep. 933; *Zappala* v. *Industrial Ins. Com.*, 82 Wash. 314; *Pyper* v. *Manchester Lines*, 9 B. W. C. C. 580; *Kerr* v. *Ritchies*, 6 B. W. C. C. 419; *Hugo* v. *Larkins*, 3 B. W. C. C. 228; *Hawkins* v. *Powells Tillery Steam Coal Co.*, 4 B. W. C. C. 178; *Coe* v. *Fife Coal Co.*, 46 Scot. L. R. 328; *O'Hara* v. *Hayes*, 3 B. W. C. C. 586; *Black* v. *New Zealand Shipping Co.*, 6 B. W. C. C. 720.)

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of counsel) for respondent.   The evidence shows that there was an accident in the course of claimant's employment. (*U. S. M. A. Ins. Assn.* v. *Barry*, 131 U. S. 100; *Martin* v. *Travelers Ins. Co.*, 1 F. & F. 503; *N. A. L. & A. Ins. Co.* v. *Burroughs*, 69 Penn. St. 43; *Clayton & Co.* v. *Hughes*, 3 B. W. C. C. 275; *Zappala* v. *Industrial Ins. Comm.*, 82 Wash. 314; *Pocardi* v. *P. S. Comm.*, 84 S. E. Rep. 242; *Robbins* v. *Gas Engine Co.*, 157 N. W. Rep. 437; *Bell* v. *Hayes-Ionia Co.*, 158 N. W. Rep. 179; *Hurley* v. *S. B. Const. Co.*, 159 N. W. Rep. 311; *Hackford* v. *Veeder & Brown*, 176 App. Div. 924; *Uhl* v. *Guarantee Construction Co.*, 174 App. Div. 571; *Fowler* v. *Risedorph Bottling Co.*, 175 App. Div. 224.)

CRANE, J.   While doing his work, the claimant became sick, and upon examination it was discovered that he had an inguinal hernia.   The commission, after three

hearings, has determined that it arose out of and in the course of his employment, and their determination has been affirmed in the Appellate Division by a divided court. It is pressed upon our attention that there is no evidence whatever to sustain the finding that there was an accidental injury within the terms of the Workmen's Compensation Law; that, at most, the evidence shows that the claimant, while performing his usual work without accident or unusual strain, sustained or developed a hernia. Such facts, it is said, do not bring him within the benefits of the act.

J. C. & W. E. Powers were engaged in the printing and lithographing business with a plant at No. 65 Duane street, in New York city. Leo Alpert, a young man twenty-five years of age, residing in Brooklyn, had been at work for this firm about ten weeks prior to the 10th day of April, 1917. He was a cylinder feeder and had been such for seven years. His work for the present employer required him to lift a bundle of paper weighing from forty to sixty pounds from the floor to his shoulder and carry it up two or three steps to his press. This he had done about twenty times a day during the previous seven years. On the morning of the day mentioned he felt pains in his stomach, became sick, and went home about four o'clock in the afternoon. It was discovered later by Dr. Charles F. Fisher that Alpert was ruptured on the right side.

In the statement of his claim made April 14, 1917, Alpert gives this history of the occurrence: " I was doing my usual work on the press I always work on, and about 11 A. M. I began to have cramps in my stomach but I kept to work until 12 o'clock, then I took a little rest, laying down in the shop at my lunch hour. I started in again at 12:30 and worked until 3:30 when my cramps were so bad I had to go home and saw a doctor the same evening. He said I had a rupture. On

April 10th the day the cramps came on me I was handling paper of the same size and weight as usual and in the usual way; I did not have anything like an accident happen to me. I did not (*sic*) any extra strain. I can't account for why the rupture should have come."

In his testimony on the first hearing he says that he was doing the work the same as he had done it every day and was not in any different position when he was lifting the paper. At the second hearing, in reply to a question put by Commissioner Mitchell, he stated that he did not feel any unusual strain; and on the third hearing he testified as follows: " I didn't have an accident. * * * While I was lifting it up I felt pain and it was like electric shock, more than anything to me. * * * I went upstairs and felt kind of weak, cramped up like. That is, when I was walking upstairs it hurted me. When I got up there I felt kind of dizzy and sat there for a minute before I rolled sheets out. * * * I figured it was cramps at first; probably I ate something. I really didn't remember; probably my stomach was out of order. When I started walking around again I got these little pains. I thought it would be best before I went to the doctor,— I took a physic. I thought that would help me out."

While doing work which he had done regularly every day for seven years, the employee felt a pain which indicated to his physician, upon examination, that he had sustained a rupture. There was no blow or unusual exertion, nothing out of the ordinary to suggest to the employee that anything that he then did caused the pain. He thought it was due to a disordered stomach and took a physic.

At the first hearing, May 7, 1917, the commission found that the claimant " severely strained himself." Subsequently, the counsel to the commission notified the members thereof that there was no evidence to sustain

such a finding, and it was. stricken out at the next hearing, had on July 2, 1917. A further hearing was had on August 3, 1917, after which the commission made its finding of fact to the effect that Alpert while engaged in lifting a bundle of paper sustained a hernia. There is no finding that this hernia was caused by the lifting of paper, or by any strain, or was in any way due to the work that he was performing. The lapse between cause and effect is as apparent by these findings as if the commission had said that while the claimant was engaged in lifting a bundle of paper, he sustained a mental collapse, a nervous breakdown, or an attack of pneumonia. The subsequent finding that the injuries were accidental and arose out of and in the course of his employment are conclusions without facts or evidence to support them.

No medical evidence was given before the commission as to the nature or cause of hernia, and no attempt was made to prove that the lifting in this case could have produced the rupture which later developed. Hernia is a disease arising out of natural causes as well as from accident, and it was, therefore, incumbent upon the claimant to offer some evidence that his employment caused or could have caused the injury.

It will be noted that the finding by the commission that the employee strained himself in lifting these bundles was stricken out and not subsequently included in its final determination. If there were no strain upon the parts injured and the lifting did not cause the hernia — as we must assume in the absence of a finding of such fact — it is difficult to understand how the rupture arose out of and in the course of the employment. As was said in *Madden's Case* (222 Mass. 487): " It (the act) does not afford compensation for injuries or misfortunes, which merely are contemporaneous or coincident with the employment, or collateral to it. Not every diseased

person suffering a misfortune while at work for a subscriber is entitled to compensation.  *  *  *  The personal injury must be the result of the employment and flow from it as the inducing proximate cause.  *  *  * The direct connection between the personal injury as a result and the employment as its proximate cause must be proved by facts before the right to compensation springs into being." And in *Clover, Clayton & Co.* v. *Hughes* ([House of Lords, 1910] 3 B. W. C. C. 275) it was said of a man who was injured while doing his work: " If that occurred when he was lifting a weight it would be properly described as an accident.  *  *  *  But it does not establish that the accident was one ' arising out of the employment;'  *  *  *  It may be that the work has not, as a matter of substance, contributed to the accident, though in fact the accident happened while he was working." In that case there was a direct finding that the strain in fact caused the rupture. Such a finding is lacking in the one under consideration.

For these reasons the order of the Appellate Division must be reversed and the claim sent back to the commission for a rehearing.

We refrain from expressing any opinion at this time as to whether the words " accidental injuries " include internal injuries of an accidental nature caused by the usual and customary employment. It will be time to deal with this question when it arises.

The order should be reversed, and rehearing ordered, costs to abide event..

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur; CARDOZO, J., not voting.

Order reversed, etc.