Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK MATORIS, Respondent, for Compensation under the Workmen's Compensation Law, v. ESTEY PIANO COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — necessity that hernia for which award made be result of injury received — sufficiency of evidence — proof of period of disability as essential to award.**

Where the basis for an award for a hernia is a blow or strain received by the claimant, it must appear that the hernia was the direct result of the blow or strain received in the course of employment.

Evidence examined and *held* to be insufficient to show that the injury was the result of an accident during the course of employment.

An award under the Workmen's Compensation Law cannot be sustained where there is no evidence of the period of disability for which compensation was made.

JOHN M. KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendants, Estey Piano Company and another, from an award and order of the State Industrial Commission, entered in the New York city office of said Commission on the 4th day of April, 1919.

*Philip J. O'Brien* [*Ainsworth, Carlisle & Sullivan* and *John N. Carlisle*, of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, J.:

An award has been made to the claimant for injuries resulting in a hernia. The finding of the Commission on which the award is based is as follows: " On January 18th, 1919, Frank Matoris was working for his employer at his employer's plant, and while engaged in the regular course of his employment, while operating a machine, he was injured on the left side of his body as a result of which he sustained injuries consisting of a large indirect irreducible left inguinal hernia, which injuries disabled him from February 1st, 1919, to March 29th, 1919. Prior to this accident to the said

Frank Matoris, he was in good physical condition, and worked for his employer for over two years."

The above finding is unsupported by the evidence. In his claim for compensation made February 14, 1919, the claimant made statements as follows: " State occupation when injured. Moving truck from press. * * * How did accident happen? While using press he strained his left side. State fully nature of injury. The injury consists of a large indirect reducible left inguinal hernia." There is no statement, however, from which it can be legitimately inferred that the strain produced the hernia. In an affidavit made February 3, 1919, and introduced in evidence the claimant stated as follows: " What was your occupation. Working at a machine making cases for pianos. How did your accident happen. I was pulling truck loaded with boards, to the press, weighing about five or six hundred pounds and I felt a pain on my left side." On the hearing before the Commission he testified as follows: " Q. How did the accident happen? A. I went to put in a guard press into the machine and wanted to pull it out and it struck me right on the side, indicating the left side. * * * Q. What were you doing,— operating a truck? A. Pulling the truck. * * * While attempting to pull, I was struck by the truck, indicating the left side." Another employee testified that he pushed the truck and the claimant pulled it and that the claimant told him " he got hurt " but that the witness did not see the truck strike the claimant. He continued work for two weeks thereafter without interruption. He then consulted a physician and was subjected to an operation. He was examined by a physician of the Commission who reported that his examination showed evidence of a left hernia which had healed with good results.

In *Matter of Alpert* v. *Powers* (223 N. Y. 97) there was a finding that the claimant while engaged in lifting a bundle of paper sustained a hernia but there was no finding that the hernia was caused by the lifting of paper, or by any strain, or was in any way due to the work the claimant was performing. The court pointed out that no medical evidence was given as to the nature or cause of the hernia which might be due to natural causes as well as to an accident and that it was, therefore, incumbent upon the claimant to offer some evidence

that his employment caused or could have caused the injury.

In the present case the testimony of the claimant is conflicting and inconsistent. He says in his claim that while using the press he strained his left side. He says in his affidavit that while pulling the truck he felt a pain in his left side. In his testimony before the Commission he says that while pulling out the guard press to put into the machine it struck him on the left side and also that while pulling a truck it struck him on the left side. From these conflicting statements the Commission has evolved the finding that he was injured on the left side " while operating a machine." We must, therefore, disregard the evidence as to the truck and assume as did the Commission that the claimant was injured " while operating a machine." We are, however, unable to discover any evidence connecting the hernia with the operation of the machine. In the statement of his claim the claimant said while using the machine or press he strained his left side. In his testimony he said the press struck him on the side. A strain and a blow are dissimilar and unrelated. This, however, is not fatal to the award. Either may produce a hernia. So also it may develop from natural causes. Hence the necessity of evidence demonstrating that the strain or blow caused the hernia. There is no evidence that the hernia appeared simultaneously with the strain or blow or approximately so. The case on the finding of the Commission rests solely on the testimony of the claimant. He could have testified if it were true that he had previously experienced no pain or discomfort in the region affected and that he began to experience the same when he received the strain or blow or immediately thereafter. He could have testified as to the nature of the strain or blow and as to the circumstances accompanying the same, as to the weight he was lifting or pulling when he received the alleged strain or the force of the alleged blow. And especially should it appear that the strain or blow was where the hernia appeared. The left side of the body where the strain or blow occurred is vastly more comprehensive than the left groin where the hernia appeared. There is no testimony as to these facts. We have simply his statement that he received either a strain or was struck by something which strain or blow may have

been so slight as to be wholly unimportant, and that two weeks thereafter he was operated on for a hernia. The statement in the finding of the Commission that prior to the accident the claimant was in good physical condition is absolutely without evidence in its support. So far as the record discloses he may have had this hernia for a long time. There is no evidence of any pain or discomfort in connection with the use of the machine either as the result of a strain while using the same or as the result of being struck thereby. The claimant says that he felt a pain while pulling the truck but as the Commission has found that the injury was not occasioned by the truck but by the machine we must disregard that testimony. There is no evidence, however, that the hernia first made its appearance at or about the time he was pulling the truck.

In the *Alpert* case the difficulty was in the insufficiency of the findings. The findings in this case are certainly ambiguous and unsatisfactory. They leave us in doubt as to whether the Commission intended to say that the hernia was caused by a strain or blow or either. But passing that point, the difficulty is in the insufficiency of the evidence to establish that fact. The principle of the *Alpert* case applies. There is no evidence that the alleged strain or blow, whichever it may have been, was sufficient to produce the hernia or if sufficient that it did in fact produce it. The claimant does not anywhere say in substance or effect that the strain or blow caused the hernia. In *Clover, Clayton & Co.* v. *Hughes* (3 B. W. C. C. 275) there was a finding that a strain in fact caused a hernia and the court said: " If that occurred when he was lifting a weight it would be properly described as an accident. * * * But it does not establish that the accident was one ' arising out of the employment; ' * * * It may be that the work has not, as a matter of substance, contributed to the accident, though in fact the accident happened while he was working," and that statement received the approval of the Court of Appeals in the *Alpert* case. Paraphrasing some of the other language in the opinion in that case it may properly be said that the lapse between cause and effect is as apparent from the evidence as if the claimant had said that while operating the machine he strained himself or was struck and had a mental collapse, a nervous breakdown or an attack of pneumonia.

Another reason for a reversal of this award consists in the fact that there is no evidence of the period of disability for which compensation was made. The claimant had been unemployed but had been cured before the award and there is no evidence as to the length of disability.

The award should be reversed and the proceeding remitted to the Commission.

All concurred, except JOHN M. KELLOGG, P. J., and LYON, J., dissenting.

Award reversed and proceeding remitted to the Commission.