Before State Industrial Commission, Respondent.

In the Matter of the Claim of James or Vincenzo Cavalier, Respondent, for Compensation under the Workmen's Compensation Law, v. Chevrolet Motor Company of New York, Inc., Employer, and Zurich General Accident and Liability Insurance Company, Ltd., Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — necessity that disease naturally and unavoidably result from injury — evidence insufficient to sustain award for hernia.**

An award under the Workmen's Compensation Law for a right inguinal hernia cannot be sustained where there is no evidence of anything in the nature of an accident and no attempt to establish that the claimant did not have a hernia prior to the day on which he claims to have received the injury, and the only evidence to support the award is that " while engaged in the regular course of his employment " and " while pushing a pipe about fourteen feet long " the claimant " felt a severe pain in the right side " and that on the following day a physician " diagnosed his injury as a right inguinal hernia (traumatic)," for, as the evidence stands, there is nothing to show any connection between the hernia and the severe pain in the right side of the claimant, or that the hernia could have been produced by anything which was shown to have occurred on the day of the alleged accident.

The Workmen's Compensation Law does not insure against disease except where the disease or infection naturally and unavoidably results from an injury.

John M. Kellogg, P. J., dissented.

Appeal by the defendants, Chevrolet Motor Company of New York, Inc., and another, from an award and order of the State Industrial Commission, entered in the New York city office of said Commission on the 3d day of May, 1919, awarding compensation up to May 1, 1919, and continuing the case.

*Alfred W. Andrews* and *Ainsworth, Carlisle, Archibald & Sullivan* [*John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission has found as conclusions of fact that one James Cavalier received his injuries while employed as a laborer by the Chevrolet Motor Company, at Tarrytown, N. Y.; that " while engaged in the regular course of his employment, at about 4:30 P. M., of March 11, 1919, James or Vincenzo Cavalier while pushing a pipe about fourteen feet long, felt a severe pain in the right side, which caused him to stop work for a short period of time. On March 12, 1919, he returned to the plant of his employer, and after having informed his employer that he had been injured on March 11, 1919, he was assigned by his employer to light work, which was altogether different from his ordinary line of duty. On the evening of March 12, 1919, he consulted a physician, who informed him that his condition was such that he could not work, and that an operation was necessary. The said physician diagnosed his injury as a right inguinal hernia (traumatic) " and that " the injuries sustained by James or Vincenzo Cavalier were accidental injuries, and arose out of and in the course of his employment."

If this case can be distinguished from that of *Matter of Alpert* v. *Powers* (223 N. Y. 97), upon the authority of which one of the State Industrial Commissioners dissented from the award, the point of digression does not occur to us. There is no finding, as there is no evidence, of anything in the nature of an accident; merely that " while engaged in the regular course of his employment " and " while pushing a pipe about fourteen feet long " the claimant " felt a severe pain in the right side," and that on the following day a physician " diagnosed his injury as a right inguinal hernia." There is no attempt to establish that the claimant did not have a hernia prior to the day on which he is alleged to have " felt a severe pain in the right side." What part of the right side is not disclosed; it may have been in the lung or in the pleura, or in any of the muscles of the right side, while an " inguinal hernia " is, as its name clearly discloses, confined to the groin. One would hardly describe the groin as the " right side " of a man, and yet because a physician discovered " a right inguinal hernia " on the day following " a severe pain in the right side " the State Industrial Commission reaches the conclusion that the

claimant suffered " accidental injuries " which " arose out of and in the course of his employment."

The claimant's own testimony is that at the time of the alleged injury he stopped work for about ten minutes and then continued his employment up to five o'clock. That is, the alleged injury occurred at four-thirty, and after an interval of ten minutes he resumed work and stayed until five o'clock, a period of twenty minutes. No one pretends that there was any visible injury; that anything occurred outside of the ordinary routine of the day's work, and there is no testimony whatever tending to show that there was any connection between this " right inguinal hernia " and the " severe pain in the right side " of the claimant; no evidence that a hernia could be produced by anything which was shown to have occurred on the 11th day of March, 1919. We know judicially that hernia is a disease arising out of natural causes as well as from accident (*Matter of Alpert* v. *Powers*, 223 N. Y. 97, 101), and the Workmen's Compensation Law does not insure against disease, except where the disease or infection " naturally and unavoidably " results from an injury. (*Richardson* v. *Greenberg*, 188 App. Div. 248, 249.) It does not follow that because a man has a pain in his side while doing his ordinary work, without slipping, falling or other mishap, and a physician finds an inguinal hernia the next day, that the hernia resulted from accidental injuries, even though the physician adds to his declaration, in parentheses, the word " traumatic." This word, however much abused in matters relating to insurance, contemplates some external violence; some wounding or bruising of the body, and no one pretends that anything of the kind occurred in this case. The claimant himself merely says that he was doing his usual work, making no suggestion of anything happening except that he felt a " severe pain in the right side," such as all persons experience, no doubt, at some time in their lives, and the next day a " right inguinal hernia " is discovered, and this simple pain in the side is translated into an accident within the meaning of a statute designed to protect against the extraordinary risks of certain designated employments. (*Alpert* v. *Powers*, 181 App. Div. 902.) There is not even a suggestion that this hernia had not existed to the knowledge of the claimant prior to this alleged injury. It is not an

uncommon thing for men with hernia to work at heavy labor and to suffer at times from exertion, and there is not a particle of testimony from which it may be legitimately inferred that this was not the case with the claimant. No connection whatever is shown between the performance of the labors of the claimant and the hernia for which this award has been made; no identity of time or of place, and nothing which brings the case within any of the provisions of the statute; and the capital of a legitimate business ought not to be taken to compensate for an alleged injury which is not shown to have been produced in connection with the services rendered by the claimant.

The award should be reversed, and the matter remitted to the Commission.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and matter remitted to the State Industrial Commission.