Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES W. FERST, Respondent, for Compensation under the Workmen's Compensation Law, *v.* DICTOGRAPH PRODUCTS CORPORATION, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

Workmen's Compensation Law — alleged injury to ear from testing dictographs — failure to prove that ailment was so caused — award reversed.

Where on appeal from an award made by the State Industrial Commission to an employee for temporary deafness, alleged to have been caused from the testing of motor dictographs, the evidence merely showed that the claimant suffered a discharge from his ears without injury to the drum thereof and there was no proof that the trouble was caused by the dictograph rather than by independent natural causes, the award should be reversed.

APPEAL by the defendants, Dictograph Products Corporation and another, from a decision and award of the State Industrial Commission, made and entered in the office of the said Commission on the 14th day of April, 1920.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The work of the claimant was to assemble and test motor dictographs which were manufactured by his employer. The testing was done by speaking into a transmitter and receiving the sound from an ear piece. The Commission finds that the claimant's ears " were subjected to an extra hazard caused by the strong vibratory sound waves continuously striking his ear drum," and that " on January 24, 1920, while engaged in the regular course of his employment he felt a snap in his left ear after which there immediately issued therefrom blood

and matter which caused claimant to suffer from temporary deafness in both ears." The claimant had been engaged in this work about three weeks when his right ear began to trouble him with pains and temporary deafness. He thereafter received the sounds of the dictograph with his left ear instead of his right ear. After thus continuing his work about one week he suddenly felt sharp pains in the left ear and found it bleeding freely. He says that he held the receiver about one foot from his ear and never held it close to his ear. He further testifies that it was his " belief that the continual wear of the ear vibrations on the ear caused the irritation and final swelling and the bleeding." He tested about thirty or forty dictographs each day and had never had any previous difficulty with his ears. Claimant was the only witness before the Commission. He received medical treatment but no medical evidence was offered. The medical adviser of the Commission reported after examination that the left ear from which blood and other substance was discharged showed no evidence of injury to the drum; that the right ear showed evidence of a slight retraction and some fibrous band over the left upper half of the drum; that there was good hearing in both ears with slight diminished hearing in the right ear as compared with the left; and that the claimant was able to continue his usual vocation.

In *Matter of Woodruff* v. *Howes Construction Company* (228 N. Y. 276) the claimant, who was a carpenter, had a frog felon on his hand which it was claimed was developed by the constant use of a screwdriver bruising the palm of the hand. In that case as in this the claimant testified to his belief that the injury came from the work in which he was engaged and that the pain had existed several days. It was held that the testimony was insufficient to establish an accident and an award in favor of the claimant was reversed.

No causal relation has been established between the work performed by the claimant and his injury. It may have resulted from natural causes entirely independent of his work. The hiatus between cause and effect has not been bridged. In the absence of all proof on the subject the Commission was not justified in finding that the disease of the ears was the result of vibrations caused by the dictographs. No effort

was made to prove that the vibrations could have caused such a result. It would seem that the physicians who examined claimant and prescribed for him could supply the necessary evidence if his theory of an accident is correct. Under the authority of the *Woodruff Case* (*supra*) and *Cavalier* v. *Chevrolet Motor Co. of New York, Inc.* (189 App. Div. 412) this award is not sustained by the evidence.

The award should be reversed and the matter remitted to the Commission.

All concur.

Award reversed and matter remitted to the Commission.