Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of AUGUSTUS JORDAN, Respondent, for Compensation under the Workmen's Compensation Law, v. DECORATIVE COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — hernia — injury arising out of improper use of truss.*

Appeal from an award of the State Industrial Commission entered in the office of said Commission October 9, 1919.

Award affirmed. All concur, except Woodward, J., dissenting, with an opinion in which Kiley, J., concurs.

WOODWARD, J. (dissenting): The State Industrial Commission has found as conclusions of fact that on the 19th of April, 1919, the claimant was employed by the Decorative Company of Saratoga Springs; that on that day he was working at the employer's plant and " while engaged in the regular course of his employment, assisting a fellow-servant in moving a box of clay which weighed about seven hundred pounds from a platform to a truck, and while making an extraordinary effort to move the same, he strained his left side, and the strain produced a left inguinal hernia," etc. The claimant says nothing about having made any extraordinary effort at the time of the alleged accident; he says the box he was lifting was of the ordinary size and weight, might have been a little heavier; that he had lifted them many times. On cross-examination he was asked: " Did you slip or anything when you lifted it? " And to this he answered yes; but the question obviously did not mean much to this claimant, or to any one else. On his direct examination he was asked: " Now, what happened when you were lifting it from the scales to the truck? " He answered, " I heard a snap." He was asked, " You heard a snap or felt it? " and he replied, " Felt it." There is no suggestion of anything out of the ordinary happening in his employment; he was doing the things he had been doing for a month. He says he did not fall; and while he answered the vague question on cross-examination in the affirmative, it is obvious that he intended nothing more than to reiterate

---

* See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.— [REP.

his previous testimony that he heard or felt something snap when he lifted the box. It seems to us clear that there is no more of evidence of an accident here than there was in *Matter of Alpert* v. *Powers* (223 N. Y. 97). The alleged accident occurred on Saturday. The claimant went to a doctor and was told that he had a rupture, and was advised to get a truss. He returned to work on the following Monday, and remained at work until the eighth day of May following. Then he quit work because, as the Commission finds, the truss which his physician had suggested produced a pressure on the arteries and veins in the region of said hernia, " the circulation of the blood was obstructed, and as a result varicocele of the spermatic cord developed, and the said hernia and the resultant varicocele disabled him from May 8, 1919, to June 1, 1919; and from August 2, 1919, to October 4, 1919; and on that day he was still disabled." Awards have been made for these alleged periods of disability, and the case held open for further developments, and, as this claimant cut his finger after two weeks of light work on a race track, and refused to act as a watchman at the same wages he had been receiving from the race track association, we may fairly expect that there will be developments as long as there is any prospect of compensation. There is no finding that the claimant was ever disabled for a single day by reason of the hernia alone. He was injured on Saturday and appears to have remained idle a part of that day. He came back on Monday, the twenty-first of April, and remained at work until the eighth of May. At that time it is claimed that the truss, an intervening cause, had produced varicocele, and that this, with the hernia, caused a cessation of labor on the part of the claimant until the first of June. The statute makes no provision for such an alleged disability. Injuries are defined by the statute as " only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." (Workmen's Compensation Law, § 3, subd. 7.)* The doctor who attended the claimant testified that he " imagined " that the claimant had been wearing a large circular truss with considerable pressure, and that he had developed a varicocele of the spermatic cord which was not present at his examination of the claimant in May; that the cause of varicocele was an obstruction of the circulation of the veins, due to the pressure of the truss. No suggestion is made that this disease or infection, or whatever it may be, was due to the accidental injury. It was caused by an intervening force, probably by the wearing of a truss improperly fitted, and which had no relation to the employment or to the accident, except that if there had been no hernia there would have been no truss, and no opportunity to make an improper use of the same. The statute makes ample provision in section 13† for providing " for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus as the nature of the injury may require during sixty days after the injury," and an employee who expects compensation may

---

*Amd. by Laws of 1917, chap. 705.— [REP.

†Amd. by Laws of 1918, chap. 634.— [REP.

not properly employ such surgical apparatus as will tend to aggravate the injury and prolong the period of disability. If the claimant made an improper use of a truss, and this is clearly intimated by the only testimony upon the question, it is not to be charged to the employer. That is not something happening in the course of employment and arising out of it; it is the result of the employee's own acts outside of his employment. The physician does not testify to any disability on the part of the claimant at any time due to the alleged accident. He says even in reference to the claimant's condition at the time of the last hearing that " it would handicap him to a great extent; " that he could not do heavy work, and the evidence seems to indicate that he will not do light work. Thousands of men with hernia do work every day in the year, suffering more or less of inconvenience, but working nevertheless; and it was never the intent of the Workmen's Compensation Law to impose upon industry the burden of disease which was not the direct and proximate result of an accident growing out of the risks incident to hazardous occupations. The award should be reversed.

Kiley, J., concurs.

