Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PETER FRANCAVILLA, Respondent, for Compensation under the Workmen's Compensation Law, v. C. T. MITCHELL, INC., Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — injury to employee while working outside State — evidence not showing hernia caused by accident arising out of employment.*

Appeal from an award of the State Industrial Commission, entered in the office of said Commission March 29, 1920.

Award affirmed. All concur, except Woodward, J., dissenting, with an opinion, in which Kiley, J., concurs.

WOODWARD, J. (dissenting): C. T. Mitchell, Inc., the employer, is a contracting corporation engaged in plastering houses and other buildings, with its principal office at 501 Fifth avenue, New York, and there is no dispute that it is carrying on a hazardous business within the State of New York, as defined in the Workmen's Compensation Law.* Peter Francavilla was employed by C. T. Mitchell, Inc., to go to New Britain, Conn., to assist in the performance of a plastering contract, and while there, engaged in his regular employment, in company with a fellow-employee, he claims to have overreached " when plastering and felt pain in the right side." The alleged injury is described as " strangulated right inguinal hernia with abscess formation," a condition which clearly indicates that the hernia was not the result of the alleged overreaching, but of existing disease. An abscess, as

---

* See Workmen's Compensation Law, § 2, group 42, as amd. by Laws of 1918, chap. 634; Id. § 3, subd. 1, as amd. by Laws of 1917, chap. 705.— [REP.

defined by Webster, is " a collection of pus or purulent matter in any tissue or organ of the body, the result of a morbid process," and it is unthinkable that such a condition could result from a mere overreaching, unaccompanied by anything in the nature of an accident, and without the passage of a considerable length of time. " Hernia," say the court in *Matter of Alpert* v. *Powers* (223 N. Y. 97, 101), "is a disease arising out of natural causes as well as from accident, and it was, therefore, incumbent upon the claimant to offer some evidence that his employment caused or could have caused the injury; " and when the alleged injury is described as a " strangulated right inguinal hernia with abscess formation " it precludes the possibility that the alleged overreaching was the accidental cause of the hernia. Personal injury as defined by the Workmen's Compensation Law means " only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom " (§ 3, subd. 7),* and the act does not attempt to provide compensation " ' for injuries or misfortunes which merely are contemporaneous or coincident with the employment, or collateral to it. Not every diseased person suffering a misfortune while at work for a subscriber is entitled to compensation. * * * The personal injury must be the result of the employment and flow from it as the inducing proximate cause. * * * The direct connection between the personal injury as a result and the employment as its proximate cause must be proved by facts before the right to compensation springs into being.' " (*Matter of Alpert* v. *Powers*, 223 N. Y. 97, 101, 102, and authority cited.) There is nothing in this case to show that the injury complained of, a " strangulated right inguinal hernia with abscess formation," could have been produced by the alleged overreaching. An abscess can only be produced by a diseased condition of tissues, and while an accidental injury might result in such a diseased condition it is necessary to the application of the Workmen's Compensation Law that the disease should be the result of an accident, not that the alleged accident should be the result of a disease adequate to all that the person suffers. The mere fact that a physician says that this overreaching would be adequate to produce the result is not sufficient. Given a proper condition of diseased tissue any action on the part of the individual would be likely to bring the disease into manifestation as a localized pain, but this does not meet the conception of a disease due to accident. "An accidental event takes place without one's foresight or expectation; an event that proceeds from an unknown cause, or is an unusual effect of the known cause, and therefore not expected." (*Matter of Woodruff* v. *Howes Construction Co.*, 228 N. Y. 276, 278.) Here nothing unusual took place. The claimant was at work with a fellow-workman, who is said to have been taller than the claimant, and the alleged overreaching on the part of the claimant was apparently due to the ambition of the shorter man to reach as far as the taller one in doing his work. But he was simply performing his ordinary vocation in the ordinary way, so far as the evidence discloses. He did not slip or fall, or undergo any unusual

---

* Amd. by Laws of 1917, chap. 705.— [REP.

experience; he simply reached up and performed his task, and he claims to have felt a pain.  Subsequent investigation by a physician developed the fact that there was a hernia, but it was of a character which makes it certain that it could not have been the result of any accident which occurred to the claimant within any intelligent definition of an accident.  That the case would be within the Workmen's Compensation Law if the facts developed that the claimant had been injured by an accident " arising out of and in the course of employment " we have no doubt.  The employer was conducting a hazardous business within the State of New York.  The fact that it sent one of its employees out of the State to perform a portion of the employment does not take such employee out of the benefits of the statute under such circumstances.  The difficulty here is that there was no accident " arising out of " the employment.  The hernia was clearly the proximate cause of the claimant's so-called injuries, and there is no liability under such a condition of facts.  The award appealed from should be reversed.  Kiley, J., concurs.