Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HARRY HAGER, Respondent, for Compensation under the Workmen's Compensation Law, v. GRIFFIN MANUFACTURING COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — right inguinal hernia — evidence — accident not growing out of and in course of employment.**

The evidence on a claim for compensation under the Workmen's Compensation Law for a right inguinal hernia alleged to have been caused by an accident examined, and *held*, not to show that an accident happened to the claimant growing out of and in the course of his employment.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, Griffin Manufacturing Company and another, from an award of the State Industrial Commission, entered in the office of the said Commission on the 23d day of March, 1920.

*Benjamin C. Loder* [*Clarence S. Zipp* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

This is another of the right inguinal hernia cases, in which there is no evidence to support the happening of the alleged accident. The claimant, in his claim for compensation, describes the alleged accident as follows: " Lifting of sliding door from elevator leading to street I felt a sting on the right side but did not think it serious until the 23d of December, and on the 24th of December I had to give up and was sent to the hospital but am not able to do hard work."

Subsequently upon a hearing the claimant testified that the accident happened on the twenty-fourth of December; then he modified this by saying that he thought the accident occurred two weeks before that, and that he was not sure when the accident happened. The claimant apparently had some confused ideas as to the happening of the accident; did not seem

to understand the necessity of fixing a date for the accident, but he finally, after much prompting, concluded that the date of the accident was December tenth, "because I felt a sting there when I pulled the door." He says he had no medical attention between the date of the alleged accident and the twenty-fourth of December; that he made no examination of himself until the twenty-fourth, and that at that time he felt sore and found a little lump, which was largely increased on the following morning. The claimant made a statement in writing, a statement which he wrote himself, on the 5th day of January, 1920, in which he says: "I do not know exactly what was the cause of this rupture; I could not say that lifting the elevator door on that occasion referred to was the cause. I did not feel any ill effects from the day I felt the sting in my side until December twenty-third, but it is the only cause to which I can attribute it. I have no recollection of ever straining myself, before or since that time." Generally his testimony is in harmony with this statement, except that under the leading questions propounded by the deputy commissioner he does suggest that he received a strain in lifting the elevator door. In answer to the question, "You also tell us you didn't know exactly what was the cause of this rupture," the claimant at the second hearing said, "I couldn't tell you, sirs, unless it was heavy lifting." But when or where he did any heavy lifting, other or different from that involved in his every day work of operating an elevator and lifting the doors, is not told, and there is no medical or other evidence to show that the alleged lifting of the elevator doors could produce hernia. The case is not different in principle from that of *Matter of Alpert* v. *Powers* (223 N. Y. 97) and the award should not be permitted to stand. The fact that the claimant is honest and tells us that he does not know what produced his hernia, while most commendable, does not justify a conclusion of fact that an accident happened to him growing out of and in the course of his employment. (See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.)

The award appealed from should be reversed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.