Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of TONY GENTELONG, Respondent, for Compensation under the Workmen's Compensation Law, *v.* AMERICAN HIDE AND LEATHER COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — hernia — evidence not sustaining finding that claimant received injury causing hernia — necessity for legal evidence on which to base award.**

The evidence given in support of a claim for compensation for a hernia alleged to have been caused during the course of employment, examined and *held*, not to sustain the finding that the claimant received a severe strain during his employment which resulted in a hernia.

*It seems*, that it is not the purpose of the Workmen's Compensation Law to insure against the possibility of some internal organ or part of the body giving way when an extra exertion is put forth by the employee to perform the task he is hired to perform; especially when nothing comes in contact with the body, and when no slip or fall is experienced.

The conclusion of the State Industrial Commission must have for its foundation something more substantial than a guess as to the cause; evidence is required so that the court can trace the cause through to the effect before compensation is awarded.

This standard is not met by the statement of a physician in his report that claimant's hernia came from the injury without any facts to show how he reached the conclusion.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, American Hide and Leather Company and another, from an award of the State Industrial Commission, entered in the office of the said Commission on or about the 12th day of August, 1919.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy *Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

The State Industrial Commission has made a finding as to this claim as follows: " On May 29, 1919, Tony Gentelong was working for his employer at his employer's plant, and while engaged in the regular course of his employment assisting a fellow-workman to move a hand truck loaded with about 1,000 pounds of hides, one of the wheels of said truck descended into a hole in the floor, and in trying to liberate same by pulling on the handle of said truck, Tony Gentelong received a severe strain, which resulted in an inguinal hernia in the right groin. Prior to said accident Tony Gentelong was in good physical condition and daily performed laborious work and had never suffered from hernia in the right side. As the result of said accident, which resulted in a hernia of the right side, Tony Gentelong was disabled from the date thereof to July 29, 1919, and on that day he was still disabled." The above finding is based upon the following evidence taken from the record on this appeal. The attending physician was not sworn but made a report to the State Industrial Commission in which the following appears: " Are the symptoms from which he is suffering due entirely to this injury? Yes. * * * Has previous sickness, injury or disease

contributed to his disability? No." This information was obtained by the physician upon an examination made by him of claimant on June 27, 1919, nearly a month subsequent to the date finally fixed as the date of the alleged accident. A rupture was developed on one side and the beginning of one was found on the other side according to the same report Dr. Hancock examined claimant July 2, 1919, and says: " I believe this hernia to be one of long standing," etc. In the evidence given by claimant as to how he claims he was injured, appears the following: " Q. How did you hurt yourself? A. Right back of the truck was a little hole and on both sides of me there were loaded trucks; I couldn't move from right to left and the only way I could load truck was to pull hide on truck, and while pulling it I felt the strain." One of claimant's witnesses testified as follows: " Q. Will you tell what happened upon that occasion? A. We were working together, he was pulling a truck and I was pushing behind, and on the bottom of the floor there was a little hole, and he tried to pull and can't pull and I went over and pulled myself and afterward he told me, ' I got hurt, I got strain.' " Claimant also testified that he had worked for this employer six years and that he " never felt any pain." There were several hearings on this claim and claimant strenuously insisted that the accident occurred on June 6, 1919, but the records of the employer showed claimant had been laid off several days before that date and he finally fixed the date as of May 29, 1919, which was the day he was laid off. The unsatisfactory condition of this evidence appears from the following on the examination of the claimant: " Q. When was the first time you ever felt pain? A. The sixth of last month. Q. And on the sixth of last month, when you felt this pain, what was you doing? A. I was turning a wheel. Q. What kind of a wheel? A. A wheel that opens the hides. Q. That is when you felt the pain first? A. Yes, sir." Claimant explained that he understood the inquiry was as to the class of work he was doing at the time he was hurt, but at the moment of injury he was loading a truck. He had previously said his work for six years had been lifting hides. The evidence of the claimant is that he never felt this pain before. So far as his evidence is concerned it does not show that he did not have this hernia

before the time of the alleged injury. Claimant did not produce any medical testimony outside of the report of the physician who first made the examination appearing in the record. What he states, as to the injury causing the hernia is a conclusion without any fact or circumstance, outside of the alleged strain, to give. color to the conclusion reached. The State Industrial Commission had to base its conclusion upon the unsupported conclusion of the examining physician; that was done notwithstanding the suggestion of a second physician that the hernia was of long standing. It cannot be the purpose of the Workmen's Compensation Law to insure against the possibility of some internal organ or part of the body giving way when an extra exertion is put forth by the employee to perform the task he is hired to perform; especially when nothing comes in contact with the body, and when no slip or fall is experienced. While the insurer, in making his contract, is bound to take notice of the force of the statute under which it or he assumes liability, and that broad powers are conferred therein upon the Industrial Commission, that slight accidental injuries may entail fairly large compensation payments, yet he is justified in anticipating that courts will not sanction the functioning of the process without some potential evidence as a basis. It ought to show that the conclusion of the Commission had for its foundation something more substantial than a guess as to the cause and from that evolve the effect. Evidence should be and is required so that the court can trace the cause through to the effect before compensation is awarded. This standard, if correct, is not met by the statement of the physician in his report that claimant's hernia came from the injury without any facts to show how he reached the conclusion. The rule laid down in *Cavalier* v. *Chevrolet Motor Co. of New York, Inc.* (189 App. Div. 412) seems to be applicable to this case. (See *Matter of Alpert* v. *Powers,* 223 N. Y. 97, and *Matter of Hansen* v. *Turner Construction Co.,* 224 id. 331.)

The award should be reversed and the matter remitted to the Commission for further consideration.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and matter remitted to the Commission for consideration.