Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MONTGOMERY NOBLE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* MATHIESON ALKALI COMPANY, INC., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 2, 1921.

**Workmen's Compensation Law — accidental injury — hernia while doing ordinary lifting in course of employment not compensable.**

A millwright's helper who, while assisting two shorter men in jacking up a stack by means of a handle which was worked up and down, felt a pain in his groin and three days later was operated on for a simple hernia, is not entitled to an award, where there is no evidence of anything unusual happening or that the conditions prevailing at the time would be likely to or could produce the condition of which the claimant complains.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, Mathieson Alkali Company, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 17th day of March, 1920.

*Benjamin C. Loder [E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [Bernard L. Shientag,* counsel to State Industrial Commission, and *E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

KILEY, J.:

The claimant was a man fifty-three years old when the injury complained of occurred. He was at work for his employer, appellant, at its place of business at Niagara Falls, N. Y. He was a millwright's helper, and on the 7th day of November, 1919, was at work in the boiler room jacking up a stack. No unusual effort was required or exerted in this work. Between four and five o'clock he felt a pain in the region of the groin and was sick to his stomach, went home and on November 10, 1919, was operated for a simple hernia. In jacking up this stack a handle was used and worked up and down; three men worked upon it of whom claimant was the tallest. The Com-

mission, in making the award appealed from, used this circumstance in its endeavor to create an unusual hazard. No doctor was called to testify; no evidence of anything unusual happening was given; no slip, fall nor blow was claimed; no evidence that the conditions prevailing at the time would be likely to or could produce the condition of which claimant complains. We have passed upon similar records adversely to respondent's contention in *Hager* v. *Griffin Mfg. Co.* (193 App. Div. 820) and *Gentelong* v. *American Hide & Leather Co.* (194 id. 9). (See *Matter of Alpert* v. *Powers,* 223 N. Y. 97, cited in above cases.) The award of eight weeks' compensation is faulty, there being no evidence to sustain it. (*Matoris* v. *Estey Piano Co.,* 189 App. Div. 297.)

The award should be reversed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.