Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN McCARTHY, Respondent, for Compensation under the Workmen's Compensation Law, v. GLOBE AUTOMATIC SPRINKLER COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, May 4, 1921.

Workmen's Compensation Law — claim for hernia made two years after injury to back and hip — evidence not sufficient to show that hernia occurred at time of injury.

The claimant sustained a strain to his back and a contusion of the hip in a fall from a ladder and received compensation therefor, and about two years later he filed the present claim for a hernia alleged to have resulted from the accident, which constituted the first mention of the existence of a hernia. *Held*, that there was no evidence to show that the hernia was received at the time of the accident, or that it was not received before or subsequent to that time.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, Globe Automatic Sprinkler Company and another, from a decision and award of the State Industrial Commission, entered in the office of the said Commission on the 19th day of July, 1920, rescinding the decision of the said Commission denying further compensation and reinstating a previous award.

*Robert H. Woody* [*Norman G. Hewitt* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Woodward, J.:

The claimant sustained a strain to his back and a contusion of the hip in a fall from a ladder in the course of his employment as a steamfitter on the 3d day of January, 1917. On the 20th day of January, 1917, the claimant and his employer entered into an agreement, approved by the State Industrial Commission, for the payment of compensation for partial disability, and such payments were made for a period of five weeks. The claimant resumed his employment, making several changes in employers, and on or about the 3d day of June, 1919, appeared before the State Industrial Commission claiming to have received a hernia at the time that he was injured in 1917. The Commission after a large number of hearings, the last on September 27, 1920, has made an award for compensation from April 15, 1919, to October 14, 1919, and continued the case. The employer and the insurance carrier appeal from the award.

So far as we are able to discover the first suggestion to the employer and the insurance carrier of a hernia came with the application to the State Industrial Commission to reopen the case. The hospital record makes no suggestion of a hernia; there is no evidence that the claimant ever suggested that he had any other or different injuries from those for which he was compensated for a period of five weeks under the terms of the agreement above mentioned to any one, and the only foundation for this award is the testimony of the claimant that at some time about the time of the accident he noticed a small swelling, which gave him little trouble, and this was afterward determined to be a hernia. Dr. Lewy, the Commission's expert, after reading the hospital record into the case and considering the testimony of the claimant, was asked by Commissioner Lyon if there was " anything from his fall two years ago that would cause or might cause this hernia? " and he replied, " I believe the hernia occurred at the time of the fall — very small mass afterwards, very small." He further

testified that it probably did not bother the claimant; that he did not pay any attention to it until it began to pain him, and that from the history of the case in 1919 " it existed there at the time " of the accident.

Of course, this is the merest speculation. There is not a particle of evidence that this slight hernia, to which the claimant paid no attention, did not exist prior to this accident. It appears clearly that no mention whatever was made of an alleged hernia, or of anything to produce a hernia, for a year and a half after the alleged accident. The hospital record shows that the claimant was under minute observation, but no hernia was discovered, and the difficulty even now is slight. Dr. Lewy says that there was a " very small mass afterwards, very small," and for all that appears in the record this may have been the case before the accident as well as afterward. Hernia, it is to be remembered, is the result of disease as well as of traumatism, and many people go on for years without even knowing that they are subject to the disease. The claimant in entire good faith may not have been aware of the hernia, and yet it may have existed, and there is no testimony in this case even from the claimant that he did not have the hernia at the time of the accident. The claimant refused to have an operation for the hernia, and the atmosphere of the case suggests plainly that he is nursing his troubles, suggesting that he has yet other difficulties, such as the involvement of his bladder.

The Workmen's Compensation Law (§ 3, subd. 7, as amd. by Laws of 1916, chap. 622; since amd. by Laws of 1917, chap. 705) declares that " ' injury ' and ' personal injury ' mean only accidental injuries * * * and such disease or infection as may naturally and unavoidably result therefrom," and the evidence in this case does not disclose that the claimant received the injury for which the present award is made within the definition. In the original notice of injury and report of injury no claim of hernia exists; no mention of hernia is made in the hospital reports; the location of the injuries complained of are in the back, not in the abdomen, and there is absolutely no evidence that the hernia as a disease did not exist before the accident, nor is there any competent evidence that it was not produced subsequent to the accident. The

claimant had worked off and on for a period of one year and a half after the accident; no testimony appears as to what he did between the times he was at work, and, so far as the evidence goes, he may have performed severe physical acts. He does not testify that he did not undergo any other accident, and the whole case rests upon the opinion of Dr. Lewy that he believes the hernia occurred at the time of the fall. It is only such disease or infection as " may naturally and unavoidably result " which the statute contemplates, and until there is some evidence that the hernia did not exist at the time of the accident, or that it was not produced subsequent to the accident, the mere guess of the Commission's expert ought not to be permitted to deprive the appellants of their property. (See *Gentelong* v. *American Hide & Leather Co.*, 194 App. Div. 9.)

The award should be reversed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.