Before STATE INDUSTRIAL BOARD, Respondent.
JOSEPH H. SANDERS, Respondent, *v.* WILLIAM M. FALLER and
Another, Appellants.

Third Department, June 27, 1924.

**Workmen's compensation — accidental injury — award based on alleged
injury causing hernia reversed on ground of lack of evidence.**

An award to the claimant based on an alleged injury causing a hernia must be
reversed, since there is no evidence as to how the alleged accident occurred,
except that given by the claimant which is, in effect, that while printing cards
on a machine he felt a sharp pain in his right groin as he was turning a wheel,
and since there is no evidence that at the time he felt the pain he was straining
or exerting himself in the use of the machine. Furthermore, the testimony
shows no causal relation between the alleged injury and the hernia.

APPEAL by the defendants, William M. Faller and another,
from an award of the State Industrial Board, made on the 6th
day of September, 1923.

Alfred W. Andrews [Edward P. Lyon of counsel], for the appellants.

Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-
General, of counsel], for the respondents.

McCANN, J.:

The employer was engaged in the business of engraving, plate
printing and embossing. The claimant was a plate printer. He
had worked in this business for eight months. He was injured
about three P. M. on February 10, 1923, while standing in front of a
press printing cards. He was revolving a four-spoke wheel to
print on very thin " onion skin " paper. He never had worked
on this kind of paper before but had been printing on heavier
cardboard. The wheel in question had one spoke on the top, one
on the bottom, and one on each side. He put his left hand on the
top spoke and pulled it around to meet his right hand and then
changed hands. While so doing he felt what he designates as a
" sharp pain " in his right groin. He continued to work until
about five-thirty P. M. of the same day. The pain continued every
day about the same time and about two weeks after this occurrence
the employer gave the claimant some lighter work. Two months
after the occurrence in question claimant for the first time went
to a physician and was told that he had a hernia. He continued
to work, however, for two months longer and was operated on
June 11, 1923, for hernia. It is claimed that the hernia was the
direct result of an accident which the claimant suffered while

operating the press. There is no evidence as to how the " accident " occurred except that which is given by the claimant; also the testimony of a physician in answer to a hypothetical question. The testimony of the claimant is that he felt a sharp pain while so employed. There is no evidence whatsoever that he suffered any strain or slipped, fell or received any blow, or that the operation of the wheel under the circumstances was unusual or difficult or added any burden to his labors. He was asked the following questions: " Q. Were you lifting when you felt strain? A. I was revolving a four spoke wheel. Q. Were you using strength on this wheel? A. It was different paper than the kind we generally print the cards on; it was a very thin paper — onion skin paper."

The answers show an evasion. They certainly do not show any evidence of additional strain or anything unusual in the operation of the press. Claimant did not notify his employer until two or three days after the occurrence. He testified that he never had had a hernia before. Based upon the facts sworn to by claimant, the referee asked a physician a hypothetical question in which it was stated by the referee " he had to put more pressure on onion skin paper than on the regular card paper." There is no evidence whatsoever to sustain this statement. Ordinary judgment would suggest that the pressure on onion skin paper would be less than on regular paper. The operation of the wheel was done in the same manner as he had been doing it for many months but not upon the same weight or kind of paper. The first hypothetical question was not answered by the physician, but the referee asked a second hypothetical question in which he incorporated an assumption of fact that there was an " accident," no evidence of which appears in the record. After the referee had propounded to the physician two hypothetical questions, neither of which was based upon the facts, he answered that he would say that the " accident " was the producing cause of this hernia. The physician further stated that anything that increases the abdominal pressure will cause a hernia, or any severe exertion or any increase of pressure upon the abdominal wall. There is no evidence of any such pressure or exertion. He furthermore stated that a hernia of the kind in question would be the result of a bearing down pain and pressure such as exertion or severe coughing and that there must be some final effort to cause the climax of pressing the " mass through the ring." The findings of the referee also state that the hernia was the direct result of the " unusual strain " to which he was subjected. This is another statement which is not based upon the evidence.

The cases of *Matter of Alpert* v. *Powers* (223 N. Y. 97) and *Matoris*

v. *Estey Piano Co.* (189 App. Div. 297) are authorities to sustain a reversal in this case. The testimony shows no accident and shows no relation between the alleged injury and the hernia. What the claimant designates as an accident was merely the existence of a pain occurring during work. Respondent cites nearly two score of hernia cases. An examination of these cases shows that in every instance there was " heavy lifting," a " fall," " slipping with heavy weight " " overreaching " or " overbalancing " or some form of a blow which shows the causal relation. None of the cases rest upon the mere incident of a pain occurring during work. No accident was proved in this case. The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.