In the Matter of FRED DEMMA, Petitioner, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, May 23, 1961.

*Calli, Calli & Palewski* (*Rocco R. Calli* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*George H. Rothlauf* and *Paxton Blair* of counsel), for respondent.

HERLIHY, J. Petitioner appeals from a decision of the New York State Employees' Retirement System which denied his application for accidental disability retirement under section 63 of the Retirement and Social Security Law.

The petitioner, while working at the Oneida County Airport on March 5, 1954, and while lifting a 100-pound bag of salt, felt pain in his groin and thereafter went to his family doctor who after examination advised him he was suffering from a double hernia. There was no history of any prior condition. He was operated upon and thereafter on February 10, 1955 and November 13, 1955, while working, suffered either new accidents or a recurrence of the prior hernia condition and on each occasion had further surgery. At the original hearing, the petitioner gave a general outline of each occurrence but thereafter, at a hearing requested by his attorney, testified in considerable detail as to the events on each of the three occasions, the substance thereof being the same as contained in his prior compensation reports. The hearing officer determined that the latter testimony was incredible and not worthy of belief. Actually, whether he slipped or fell, to our way of thinking, is not decisive as to the happening of the accident.

Section 63 of the law reads in part:

" a. A member shall be entitled to an accidental disability retirement allowance if, at the time application therefor is filed, he is:

" 1. Under age sixty, and

" 2. Physically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by his own willful negligence sustained in such service and while actually a member of the retirement system, and

" 3. Actually in service upon which his membership is based."

Three doctors testified for the petitioner, all of whom stated that the incident — which word was used at the insistence of the hearing officer — caused the hernia and that each subsequent recurrence and operation contributed to his present condition which, in their opinion, disqualified him from doing any heavy work. The doctor who testified for the respondent stated: " There was a relationship between the duties the man performed and the incident which he described as happening on the various occasions." As to the petitioner's ability to do heavy work, the doctor made the somewhat nebulous statement: " It would be better not for the man to do heavy work, but he could perform it ".

The hearing officer found in substance that his present abdominal condition was the natural and proximate result of the three incidents superimposed on a congenital weak abdomen; that the " incidents " were not accidents; that his condition disabled him from performing his work at the airport, but such incapacity

was not the natural or proximate result of an " accident " within the law. The finding of no accident was predicated on a compensation case decided in 1919, *Matter of Cavalier* v. *Chevrolet Motor Co.* (189 App. Div. 412) where at page 414 the court said: " It does not follow that because a man has a pain in his side while doing his ordinary work, without slipping, falling or other mishap * * * that the hernia resulted from accidental injuries ". And at page 415 the court said " No connection whatever is shown between the performance of the labors of the claimant and the hernia for which this award has been made ".

Here, causal relation being established by the testimony of the doctor and admitted in the findings of the hearing officer, the only question is whether the facts constituted an accident. There is no fulcrum to sustain the finding that petitioner's physical condition was not a natural and proximate result of an accident. We think the respondent because of his reliance upon the necessity of the use of the words " slipping ", " falling ", overlooked the words " or other mishap ". Certain it is that in the present day many accidents involving hernias happen without either a slip or a fall, but from lifting, straining or other exertion on the abdominal muscles while in the course of employment. A person driving his employer's truck and involved in a collision, striking his abdomen against the steering apparatus and developing a hernia, certainly sustained an accident. Whether he elects to take compensation or sue a third party in negligence, the injury is the result of the accident. We do not discern any difference whether it be from striking the abdomen or lifting a 100-pound bag if immediately thereafter the employee suffers pain and the subsequent medical diagnosis of a hernia is related to the incident. The fact that there may have been a congenital abdominal weakness is not controlling under such circumstances. Such an interpretation as here sought is both unreasonable and unrealistic. When the petitioner picked up a 100-pound bag, and as a result of that act suffered a hernia, it was, in any concept of judicial interpretation, an accident. The cases relied upon by the respondent are not here controlling. *Matter of Odell* v. *McGovern* (308 N. Y. 678) and *Matter of Croshier* v. *Levitt* (5 N Y 2d 259) are concerned with alleged heart injuries while in the course of employment. *Matter of Cairns* v. *New York State Employees' Retirement System* (11 A D 2d 894) concerns disability due to carcinoma. In these cases there was evidence that there was no relationship between the event and the resulting condition.

The determination as to the happening of an accident should be made on the basis of evidence in the particular case and the

failure to use descriptive words such as "slipping" or "falling" is not controlling where, as here, the events clearly denote the happening of an accident. Once established, an accident has the same meaning, whether it be a claim for compensation or retirement. While the Legislature gave the Comptroller exclusive authority to determine the merits of an application, it did not intend that he should ignore or disregard commonly accepted factual concepts descriptive of the happening of an accident and substitute therefor his own arbitrary ideas of what constitutes an accident because of the failure to use certain narrative words. It was clearly demonstrated in this record that the petitioner suffered an accident in the "common-sense viewpoint of the average man" (*Matter of Masse v. Robinson Co.,* 301 N. Y. 34, 37) and there was substantial evidence in its support. (*Matter of Kopec v. Buffalo Brake Beam, etc., Iron Works,* 304 N. Y. 65.)

No administrative tribunal is beyond the reach of the courts when its findings are arbitrary or contrary to the law.

The determination should be annulled, with $50 costs.

Bergan, P. J., Gibson and Taylor, JJ., concur.

Determination annulled, with $50 costs.