[Civil No. 3528. Filed March 11, 1935.]

[41 Pac. (2d) 1089.]

H. W. MAXWELL, Petitioner, v. W. L. HART, Defendant Employer, and THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. William C. Fields, for Petitioner.

Mr. Don C. Babbitt (Mr. Emil Wachtel on the Brief), for Respondent Industrial Commission.

ROSS, J.—This is a proceeding by *certiorari* to review the action of the Industrial Commission in

refusing compensation to petitioner for injuries he claims to have sustained as a pumpman and blacksmith while in the employ of W. L. Hart in the latter's mining operations in the Harquahala mine near Salome, Arizona.

The sole ground set out in the petition for review of the proceedings of the commission is that the decision is contrary to, and is not supported by, the evidence. It is undisputed that on March 1, 1934, the petitioner, while in the performance of the work assigned to him and because the rungs of a ladder on which he was standing broke, fell and slipped some eight feet upon or against a pump that he was repairing, and in the fall was injured in his right groin and his back wrenched. He was examined on the 5th day of March by Dr. H. D. Ketcherside, of Phoenix, who reported that he was suffering from a right inguinal hernia which needed to be operated upon.

The Industrial Commission's regular physician, Dr. R. F. Palmer, after examining petitioner on March 26, 1934, made the following report on March 27th:

"Mr. Maxwell states that he has had no previous severe illnesses and no previous accidents except for stepping on a nail a few years ago; he has had no previous discomfort or swelling in either groin; he has always worked hard and has had no backaches.

"Examination at this time shows a well-developed, muscular man of fifty-one years of age. General examination is essentially negative. He has localized tenderness over the third lumbar vertebra — with some limitation of motion, especially on flexion of the spine.

"The right inguinal region presents a definite hernia protruding at the external ring; the ring when the hernia is reduced is slightly enlarged, tense and apparently tender. The external ring on the left

side is not enlarged, nor does it present an impulse on coughing.

"If the history as given by the patient is entirely correct it would indicate that the hernia present occurred at the time and in the manner described. Surgically, an operation for radical cure is indicated."

X-ray pictures showed that the fourth and fifth lumbar vertebrae were affected by rather extensive old arthritis and some hypertrophic changes throughout the entire lumbar area, but that these conditions were not as recent as March 1st.

Petitioner, immediately on coming out of the mine, made known to the foreman and others of the miners his accident and injury, and complained of pain in his back and burning pain in his right groin.

Several witnesses who had worked with him off and on the last five years preceding the accident testified that they had seen him undressed both in the change room at the mines where they worked and while they were swimming; that they saw no signs of hernia on his person; and that he never complained of having such ailment. He testified that he had never before suffered with hernia.

The evidence tending to refute the petitioner's claim that he sustained the hernia on March 1st consisted of the testimony of one witness, who said that petitioner had told him before the accident he was suffering with a hernia, and that he wore a truss; and the further fact that one witness testified to seeing him dancing at Salome on the night of the 3d of March, at which time and place he did some clog dancing.

It is therefore unquestioned that the petitioner after his fall in the mine was suffering with a hernia and also from the pain and aches in his back; that the condition of his back was of old standing, and his fall only aggravated such condition.

It is undisputed that petitioner as pumpman and blacksmith had been doing heavy work at the mine, without any complaint or showing of pain or suffering from his back or groin, for at least thirty days; that immediately after the accident he began to suffer and was so sore that he had to quit work; and that this condition persisted to the time of the hearing before the commission on April 13, 1934. If he had a hernia before the accident, it did not interfere with his ability to work.

It seems, from all the evidence and all the legitimate inferences that may be drawn from it, that no other possible conclusion can be drawn, granting that he at the time of his fall had a rupture and a diseased back, than that these were aggravated by reason of the fall. The aggravation of previous ailments or diseases is compensable. *Tucson Rapid Transit Co.* v. *Rubaiz,* 21 Ariz. 221, 187 Pac. 568; 8 R. C. L. 437, sec. 11. On the question of aggravation, there is no conflict in the evidence.

In *Young* v. *Hodgman & MacVicar,* 42 Ariz. 370, 26 Pac. (2d) 355, we said that where the evidence does not support the Industrial Commission's findings they will not be permitted to stand, nor will conclusions based thereon. Following this thought, the findings and award of the commission are vacated and set aside as not being supported by, and as contrary to, the evidence.

LOCKWOOD, C. J., and McALISTER, J., concur.