225 P.2d 705

**PACE v. INDUSTRIAL COM-
MISSION et al.**

No. 5400.

Supreme Court of Arizona.

Dec. 18, 1950.

Richard Fennemore, Phoenix, for petitioner.

H. S. McCluskey, Phoenix, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondent, Industrial Commission.

UDALL, Justice.

This is a proceeding by certiorari to review the action of the respondent Industrial Commission of Arizona in denying compensation and accident benefits to O. D. Pace, petitioner, for an injury he sustained while employed by the Kennecott Copper Corporation, respondent employer,

in the latter's power plant at Hayden, Arizona. It is only fair to state that the employer, a self-rater, strongly urged before the commission the justness of petitioner's claim.

It is obvious from the record that this case reaches us only because of the commission's dissatisfaction with our opinion in the recent case of Williams v. Industrial Commission, 68 Ariz. 147, 202 P.2d 898.

The facts, which are not in dispute, are as follows: On December 29, 1941, petitioner went to work for respondent corporation. He was required, as a condition of his continued employment, to have an inguinal hernia suffered in childhood surgically repaired. The operation was performed at petitioner's expense and was entirely successful. He continued working for the company without incident until February 2, 1950, when, in the discharge of his duties as a "blowing engine operator," the accident and injury complained of occurred. The accident was described by petitioner as follows: "While filling an oil can from a five-gallon reserve can, I slipped while lifting it over the push rod of the blowing engine. A very sharp pain hit me in the right groin." This strain, accompanied by severe pain in the hernial region, resulted in the immediate descent of the hernia. These facts were immediately communicated both to a fellow employee and the company's experienced surgeon, Dr. O. E. Utzinger. The latter, in his report, described the injury as a "recurrent

right inguinal hernia," and on March 14, 1950, the damage was surgically repaired by him. Petitioner, because of the operation, lost 35 days' work.

Petitioner made timely application to the commission for compensation and accident benefits which were denied on the record then before it. Application for rehearing was granted and a formal hearing held after which the commission on July 3, 1950, affirmed its previous action.

The evidence, without contradiction, indubitably establishes that the hernia for which petitioner claims compensation is compensable under Sec. 56-959(b), A.C.A. 1939. While the commission agrees that the petitioner suffered a hernia by accident arising out of and in the course of his employment and should be allowed compensation and accident benefits, still it bemoans its inability to make such an award and seeks to justify its refusal solely upon the ground that it is precluded from doing so by our recent decision in the Williams case, supra.

This unwarranted conclusion on the part of the commission forms the basis of petitioner's sole assignment of error. The commission, in addition, urges that the Williams decision in effect overrules the prior case of Maxwell v. Hart, 45 Ariz. 198, 41 P.2d 1089, which it claims should be controlling in the instant case.

As a basis for denying petitioner benefits, the commission apparently plucks from

218

the Williams opinion, entirely out of context, this statement: "* * * By reference to the code provision, 56-959(b), supra, it is readily apparent that there is no provision whatsoever for payment of compensation for nontraumatic recurrent hernia. The section by its terms provides for compensation for not to exceed two months *only in cases of original injury.* Under no fair interpretation of this statute can it be held that the legislature has made any provision for aiding workmen suffering from recurrent hernia." [68 Ariz. 147, 202 P.2d 901.] When it is recalled that in the Williams case we were dealing with a situation where there had been but one accident, suffered some 20 years previously, upon which four claims for compensation were made, three of which were allowed, it becomes apparent why there was not spelled out the obvious exception, i.e, that a hernia, even though in the same place, *resulting from a new accident,* is compensable the same as any other compensable injury caused by succeeding accidents would be.

In the Williams case we made a clear distinction between a true recurrent hernia, which is a return, in the same identical place, of a former hernia after surgical repair *without the intervention of a new or independent accident,* and a hernia such as petitioner suffered, which, although occurring at the same spot as the previous hernia, *is the result of a new or independent accident.* We need not quibble over the word "recurrent," for there is no sanctity

to it. The mere fact that the medical profession may use it in a sense differing somewhat from the use we made of the term in the Williams case, is no basis upon which the commission may predicate its arbitrary refusal to carry out its plain statutory duty of awarding petitioner Pace the compensation to which he is manifestly entitled. To deny compensation in a case of this kind can only be done by reading into the statute, Sec. 56-959(b), supra, a proviso which is not there, viz.: that compensation will not be allowed in any case where the applicant has had a prior hernia in the same spot. Such denial also reads into our decision in the Williams case something that is not to be found therein.

Neither is there any merit to the commission's contention that the Williams case is in conflict with or overrules the Maxwell case, supra. The rejected claim for compensation in the Maxwell case was based upon an alleged back injury and hernia, and concerning the hernia the evidence was in conflict as to whether it had been caused by the accident. This court, in setting aside the award, predicated its decision upon the assumption that even though Maxwell, at the time of his fall, had a rupture and a diseased back that these were aggravated by reason of the fall. This court stated that "On the question of aggravation, there is no conflict in the evidence." [45 Ariz. 198, 41 P.2d 1090.] Hence, in reality Maxwell was compensated under Sec. 56-957(c), A.C.A. 1939, for aggrava-

tion of a previous ailment or disease, and not under Sec. 56-959, the hernia statute.

Award set aside.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINO, JJ., concurring.