## Straight Creek Fuel Company v. Hunt, et al.

(Decided October 7, 1927.)

### Appeal from Bell Circuit Court.

1. Master and Servant.—Evidence that mine employee, while using rail bender, handle of which slipped, fell diagonally across steel rail, fracturing a rib and bruising his stomach and bowels, held to warrant finding that his death 12 days later from locked or paralyzed bowels was proximate cause of traumatic injury.

2. Master and Servant.—An internal injury, resulting from an external force, is a "traumatic, injury," within Workmen's Compensation Act (Acts 1916, c. 33, as amended); "traumatic" meaning an abnormal condition of the human body produced by external violence as distinguished from that produced by other less evident causes.

A. G. PATTERSON for appellant.

J. S. GOLDEN for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On August 10, 1925, J. M. Hunt was employed by appellant at its coal mining plant in Bell county, and on that day, while working in its mines and using a rail bender to bend a rail around a corner, was injured when the handle slipped, and he fell diagonally across the steel rail. The parties were operating under the Compensation Act (Acts 1916, c. 33, as amended).

He had one rib fractured and the lower part of his stomach and bowels were bruised, as claimed by appellees. At any rate, twelve days thereafter he died.

His widow and two infant children thereafter applied to the Board of Compensation for an allowance, under the terms of the act, and after an extensive hearing before the board it was found as a fact that the fall across the rail was the efficient, proximate, and precipitating cause of Hunt's death, and the board made the allowance authorized by the statute.

The company filed a bill of review in the circuit court, and that court in its judgment upheld the action of the board, and from such action of the circuit court this appeal is prosecuted.

It is the position of counsel for appellant that there is no evidence showing that Hunt's death was the result of a traumatic injury, and that the board had no evidence upon which to base its finding. The argument is that the fractured rib was the only traumatic injury received by Hunt, and that as the evidence shows his death resulted either from locked or paralyzed bowels, and there being no trauma resulting in death, the board should have dismissed the application. In other words, the view is that, as the only external injury was the fractured rib, the internal injury, if any, to his bowels is not shown to have been caused by the fall across the rail.

An external traumatic injury and an internal traumatic injury may be suffered at one and the same time and in the same accident. The evidence is that decedent fell diagonally across the steel rail, and that he not only complained of the injury to the rib, but of the injury to his bowels lower down. It further shows that he complained principally of the soreness in his bowels after the first day or so of the injury, and that the condition continued to grow worse for twelve days, at which time he died.

In the case of Jellico Coal Mining Co. v. Adkins, 197 Ky. 684, 247 S. W. 972, this court went extensively into the meaning of the word "traumatic," as contained in our Compensation Act, saying:

"The word 'trauma' is defined in Black's Legal Dictionary as a 'wound; any injury to the body caused by external violence,' and traumatic is defined as 'caused by or resulting from a wound or any external injury.' In Webster's New International Dictionary the word 'trauma' is defined as 'a wound or injury,' 'traumatic' as 'pertaining to or due to a wound or injury.' The Century Dictionary defines 'traumatic' to be 'an abnormal condition of the human body produced by external violence as distinguished from that produced by poisons, zymotic infections, and habits and other less evident causes.' Webster's Unabridged Dictionary defines 'traumatic' as 'a wound or injury directly produced by causes external to the body; also violence producing a wound or injury as rupture of the stomach by traumatism.''

Clearly, from these definitions, an internal injury resulting from an external force is a traumatic injury, and if such an internal injury results in death the Compensation Board has jurisdiction.

It appeared in evidence that some seventeen months before the fall Hunt was shot twice with a pistol, once in the arm and once in the abdomen, and there was some effort to show that he was addicted to the excessive use of liquor. The doctor, however, who treated him for the gunshot wound, stated that he had fully recovered from those injuries, except a certain stiffness in the arm.

None of the doctors would say definitely on the hearing that his death was certainly caused by the fall but they all said it could have been so caused if the fall across the rail was hard enough. They each said, in substance, that the excessive use of whisky and the former pistol wound in the abdomen might have been contributing causes. There was, however, no evidence of the excessive use of intoxicants, and little evidence of their use at all; but there was ample evidence that he had fully recovered from the former gunshot wound by the showing that for some months before the last injury he had worked almost constantly for appellant in its mine, and had in fact during that period done some extra work.

Upon this showing, even in the absence of an express opinion by the medical men as to the cause of his death, the board found that immediately prior to the last accident decedent was a well and able-bodied man, and had worked at hard labor for the three months immediately preceding the accident, and that, as the evidence showed he had received a very hard fall across the steel rail on his abdomen and had grown worse from day to day until his death twelve days thereafter, it felt justified in holding that such fall was the proximate cause of his death.

We have no difficulty in finding that there was evidence before the board justifying this finding, and that being true, under many opinions of this court, that finding is conclusive on us.

Judgment affirmed.