484 P.2d 36

Aaron A. WYNN, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Phoenix Newspapers, Inc., Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 429.

Court of Appeals of Arizona,
Division 1,
Department A.

April 20, 1971.

Rehearing Denied May 18, 1971.

Review Denied June 15, 1971.

Gorey & Ely by Herbert L. Ely, Phoe-
nix, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix,
for respondent The Industrial Comm. of
Ariz.

Robert K. Park, Chief Counsel by Har-
lan J. Crossman, Phoenix, for respondent
carrier State Compensation Fund.

CASE, Judge.

This case involves the question of
whether a hernia suffered by the petitioner
falls within the purview of Section 23–
1043, subsec. 1 or Section 23–1043, subsec.
2 A.R.S.1956.

On September 3, 1968, the petitioner
slipped on some oil at his employer's place
of business causing his feet to go out from
under him and occasioning pain in the area
of his groin. On December 23, 1968, Dr.
Patrick Phalen, a surgeon, examined the
petitioner and diagnosed his condition as a
bilateral inguinal hernia. The case was
accepted for benefits and on March 13,
1969, the Commission issued a findings and
award for temporary disability. This was
timely protested and a hearing was held
November 7, 1969. On January 28, 1970,
the Commission entered a decision upon
the rehearing and findings and award for
temporary disability, finding that the acci-
dent fell within the provisions of Section
23–1043, subsec. 2 A.R.S.1956. This appeal
followed.

Section 23–1043, subsec. 1 states:

"Real traumatic hernia is an injury to
the abdominal wall of sufficient severity
to puncture or tear asunder the wall, and
permit the exposure or protrusion of the
abdominal viscera or some part thereof.
Such injury will be compensated as a
temporary total disability and as a par-
tial permanent disability, depending up-
on the lessening of the injured indi-
vidual's earning capacity."

Subsection 2 of the same statute reads:

"All other hernias, whenever occurring
or discovered and whatsoever the cause,

except as under paragraph 1 of this section, are considered diseases causing incapacitating conditions or permanent partial disability, but the permanent partial disability and the causes thereof are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both, and are not compensatory, unless it is proved: * * *."

Dr. Phalen was the sole medical witness. The pertinent parts of his testimony are as follows:

"A: * * * you asked me what we tried to accomplish we tried to repair this *rent* so to speak, in the abdominal wall, * * * (emphasis supplied)

"Q: I think you have answered this in somewhat medical terms and I would like to try to put it in a little more lay terms; you had testified you found there was a hernia, in fact a bilateral hernia?

"A: Yes.

"Q: Doctor was that and is that an injury to the abdominal wall?

"A: Yes.

"Q: Was the injury, just 'Yes' or 'No' is sufficient, of sufficient severity in this man to puncture or tear part of the wall?

"A: Yes, I would say so.

"Q: And was it also of such severity so there was a protrusion or exposure of a part of the abdominal viscera?

"A: Yes.

\* \* \* \* \* \*

"Q: But the bladder didn't actually go through the abdominal wall?

"A: But part of it did."

In response to a question concerning his examination of the pertinent statute, Dr. Phalen testified:

"You see that number two (meaning paragraph two) is congenital and number one is traumatic and he had number one, according to this definition."

We said in the case of Sandoval v. Industrial Commission, 3 Ariz.App. 449, 415 P.2d 463 (1966), that the section governing compensation for hernia is sui generis and should be given a liberal construction in favor of the injured workman.

We find that the award of the Commission is not reasonably supported by the evidence.

Award set aside.

STEVENS, P. J., and DONOFRIO, J., concur.