488 P.2d 178

**ROYAL–GLOBE INSURANCE COMPANY**
and Barrows Furniture Company, Petitioners,

v.

The **INDUSTRIAL COMMISSION** of
Arizona, Respondent,

Homer T. Brewer, Respondent Applicant,

State Compensation Fund, Respondent
Insurance Carrier.

No. I CA–IC 596.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 7, 1971.

Glen D. Webster, Jr., Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent Industrial Commission.

Robert K. Park, Chief Counsel, State Compensation Fund, by Cecil A. Edwards, Jr., Phoenix, for respondent Insurance Carrier.

EUBANK, Judge.

Royal-Globe Insurance Company, a private carrier hereinafter called "Royal", asks relief from an award by the Commission to respondent applicant Homer Brewer, hereinafter "Brewer", arising from an industrial accident which occurred on May 22, 1969. Royal alleges that the award is not supported by the evidence.

The essence of the problem raised is that Brewer had been initially injured on January 9, 1965, while employed by Barrows Furniture Company, who was insured by the State Fund at that time. At the time of the May 22, 1969 accident, Barrows Furniture Company was insured by Royal. Both injuries were to the same area of the lower back. Brewer testified that he had had sporadic pain in that portion of his back from July 30, 1965, the time he was discharged by his doctor and the Commission with no disability, through the time of the May 1969 injury. Further facts will be stated as necessary in the course of this opinion.

The Court's duty in this type of case is to review the record to determine

whether it contains evidence to support the award of the Commission. In executing this function, the evidence is to be viewed in a light most favorable to supporting the award, recognizing that the Commission is the sole judge of the weight to be given the evidence. In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969). Further, it must be remembered that in order for an industrial accident to be compensable, the accident need not be the sole cause of the injury as long as the accident contributed to or accelerated the inevitable result. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960). Concomitant to this is the rule that an employer takes an employee as he finds him, that is, subject to the employee's physical condition prior to the injury. Murray, supra.

The record in the instant case reveals the following. Brewer was injured on January 9, 1965, and sustained an acute lumbosacral sprain in the lower back. He was treated until July 30, 1965, by Dr. Thomas H. Taber who discharged him and reported that Brewer had no permanent disability attributable to the injury of January 9, 1965. Brewer testified at the hearing held on May 22, 1970, that he had been employed by Barrows Furniture Company since 1956 and that his work since 1960 consisted of outside service and repair work on furniture Barrows sold its customers. Part of the work required him to bend, stoop, lift and reach. He stated that between the time of the final award in 1965 (original injury award) and May of 1969 he experienced the same pain, though less severe than he felt when he was injured in 1965, but that he did not seek medical treatment during that period of time. He testified that on May 22, 1969, he was installing a swag lamp and this required him to drill two holes in reinforced concrete. Finishing this, he had to pick up a 75-pound tool box. He testified:

"I noticed it [pain] more when I got ready to leave. I had to pick up this box which was full of tools. It weighs

approximately 75 pounds. That is when I noticed it most."

On June 11, 1969, Brewer was referred to Dr. John Kelley for treatment. Brewer failed to tell him of the May 22, 1969 injury or event, but told him that his back pain had increased in severity in the two preceding weeks.

The record shows that Dr. Kelley's testimony and reports as to whether the May 22, 1969 incident had any effect on the existing back condition are in direct conflict.

To summarize his testimony, the doctor sent a letter, which is in evidence in the file without objection, to Royal stating that Mr. Brewer's injury was caused by the May 22, 1969 accident. At a later hearing, Dr. Kelley testified on direct examination that the injury was *probably* due to the January 1965 accident. On cross-examination by the Fund, he said that the May 22, 1969 accident could *possibly* be "the straw that broke the camel's back", as well as that it is difficult to really know which accident caused the disability. Dr. Kelley's testimony was the only medical testimony introduced on the question of medical causation.

When the state of the testimony is equivocal or is in conflict, as in the case at bar, this Court's duty is clear. As stated by our Supreme Court in Continental Casualty Co. v. Industrial Commission, 104 Ariz. 499, 455 P.2d 977 (1969):

"It is impossible for an appellate court to render a decision and write a clear concise opinion, using as a foundation the shifting sands of disputed facts. The Commission has the advantage of hearing and seeing the witnesses. For both of these reasons, the law long ago evolved the rule that findings made at the trial level will not be disturbed on appeal if there is evidence to support them, even though the reviewing court would not have reached the same conclusions." 104 Ariz. at 501. 455 P.2d at 979.

In the instant case there is evidence in the record that Brewer was involved in

**244**

an industrial accident on May 22, 1969 and that the disability resulted from that accident. Athough from the record we might have reached a contrary conclusion, we must affirm the award.

JACOBSON, P. J., and HAIRE, J., concur.