508 P.2d 354

Emilio M. BENAVIDES, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Stearns-Roger Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 779.

Court of Appeals of Arizona, Division 1, Department A.

April 3, 1973.

Rehearing Denied May 7, 1973.

Review Denied June 5, 1973.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Dee-Dee Samet, Phoenix, for respondent employer and respondent carrier.

OGG, Judge.

The issue in this case is whether or not the petitioner, as a result of an industrial accident, sustained both a permanent partial disability of the neck and a permanent partial disability of the right arm. The Industrial Commission made an award to the petitioner based on the finding of a 50% permanent partial disability to his right arm. It is from this award that petitioner now appeals.

On August 18, 1969 this fifty year old petitioner, while working as a carpenter for the Stearns-Roger Corporation, Respondent Employer, fell through a roof and suffered an injury to his upper right side. The nature and full extent of this injury is the question to be determined.

Where the full extent of an injury is not apparent to the ordinary layman, the

**468**

existence of the disability and its relationship to the accident can only be answered by expert medical testimony. Snyder v. Industrial Commission, 14 Ariz.App. 114, 481 P.2d 285 (1971); Potter v. Industrial Commission, 99 Ariz. 126, 407 P.2d 88 (1965).

Dr. John Fenger testified that the neck ache was related to the industrial injury and that if the petitioner had some pre-existing degeneration it was aggravated by the accident.

Dr. Kent Pomeroy testified that petitioner had neck complaints when first examined some six months after the accident and that these complaints persisted while petitioner was under his care. In his opinion it was reasonable that the neck complaints were referable to the industrial injury.

Dr. John R. Green, an orthopedic surgeon, was concerned primarily with the injury to the ulnar nerve in petitioner's right arm. In reviewing his testimony he simply considered the injury to petitioner's right arm and did not consider any injury to petitioner's neck. Dr. Green's testimony neither confirmed nor denied the probability that the injury arose out of the accident. In relation to the neck injury such testimony is at best equivocal testimony. The Arizona Supreme Court has held that equivocal testimony cannot be used to create a conflict in medical testimony in such a case. Belshe v. Industrial Commission, 98 Ariz. 297, 404 P.2d 91 (1965); Rahar v. Industrial Commission, 94 Ariz. 170, 382 P.2d 656 (1963); Helmericks v. Airesearch Manufacturing Company of Arizona, 88 Ariz. 413, 357 P.2d 152 (1960).

 It is also well-settled law that uncontroverted medical testimony as to matters solely within the medical province cannot be arbitrarily rejected by the Industrial Commission. Cammeron v. Industrial Commission, 98 Ariz. 366, 405 P.2d 802 (1965); Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960).

In this case the testimony of Drs. Fenger and Pomeroy related the neck injury to the industrial accident and it appears Dr. Green only considered the injury to the right arm.

We find the award of the Commission is not reasonably supported by the evidence and must be set aside.

The award is set aside.

DONOFRIO, P. J., and STEVENS, J., concur.