529 P.2d 1188

**Jesus FIGUEROA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**New Pueblo Construction Co., Respondent Employer,**

**Employers Mutual Liability Insurance Company of Wisconsin, Respondent Carrier.**

**Nos. I CA–IC 1019, I CA–IC 1020.**

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 24, 1974.

Rehearing Denied Jan. 13, 1975.

Review Granted Feb. 25, 1975.

Gilbert Gonzalez, Lawrence Ollason, Tucson, for petitioner.

Lewis & Roca by Merton E. Marks, Mary M. Schroeder, Phoenix, for respondents employer and carrier.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

## OPINION

NELSON, Judge.

This is a review of the Industrial Commission's award on the consolidated claims of the petitioner. The Commission denied petitioner's petition to reopen one claim because he failed to show any new, additional, or previously undiscovered disability. A.R.S. § 23–1061.H. The Commission also denied petitioner's other claim for continuing compensation benefits for an unscheduled disability pursuant to its finding that petitioner had suffered a scheduled disability. We granted petitioner's application for a Writ of Certiorari, and upon review of the matter we affirm the decision of the Industrial Commission.

The petitioner, Jesus Figueroa (Figueroa), suffered an industrial injury on 6 January 1971 while lifting heavy materials on the job which resulted in a left inguinal hernia. Figueroa's claim was accepted by respondent carrier and a herniorraphy was performed on 30 January 1971. Temporary compensation and medical benefits were terminated on 20 May 1971. Figueroa did not protest this termination of benefits.

On 21 January 1972 Figueroa sustained another left inguinal hernia, again as the

result of lifting heavy materials on the job. Figueroa's claim for this injury was accepted by respondent carrier and another herniorraphy was performed on 17 March 1972. Compensation benefits were terminated by a Notice of Claim Status issued 6 October 1972, and medical benefits were terminated by a Notice of Claim Status issued 15 January 1973. Figueroa filed a Request for Hearing to protest the termination of compensation benefits.

On 7 February 1973 Figueroa filed a Petition to Reopen his claim on the 1971 hernia. This Petition was denied by a Notice of Claim Status issued 22 February 1973. Figueroa thereafter filed a Request for Hearing to protest the denial of his Petition to Reopen.

Upon a consolidated hearing on both claims, the Industrial Commission denied Figueroa's Petition to Reopen the 1971 hernia claim, and similarly denied his claim for continuing compensation benefits under the 1972 hernia claim. Timely Petitions for Writ of Certiorari were filed and this Court ordered the two matters to be consolidated.

The parties agree that A.R.S. § 23–1043 [1] governs the compensation issue presented herein.

Figueroa initially contends that the injury suffered on 21 January 1972 was a "real traumatic hernia" within the scope of A. R.S. § 23–1043(1) and that he is entitled to continued compensation for an unscheduled disability. In support of his contention that he suffered a real traumatic hernia Figueroa cites the following exchange between his counsel and the treating physician, Dr. Gonzalez, at the hearing:

"Q In reference to your second operation; that is, the one you have described of March 17, 1972, would you state with a reasonable medical probability that you would describe the injury you observed as *an injury to the adominal wall of sufficient severity to puncture or tear asunder the wall and permit the exposure or protrusion of the abdominal viscera or some part thereof?*

"A *Yes."* (Emphasis added)

On cross-examination by respondents' attorney, the following transpired:

"Q (By Mr. Marks) Doctor, a while ago Mr. Gonzalez asked you with respect to both the 1971 and 1972 hernias whether these were the result of injuries to the abdominal wall of sufficient severity to puncture or tear asunder the wall and

---

1. "§ 23–1043. Hernias classified for compensation purposes.

"All hernias are considered injuries within the provisions of this chapter causing incapacitating conditions or permanent disability, and until otherwise ordered by the commission, the following rules for rating hernias shall govern:

"1. Real traumatic hernia is an injury to the abdominal wall of sufficient severity to puncture or tear asunder the wall, and permit the exposure or protrusion of the abdominal viscera or some part thereof. Such injury will be compensated as a temporary total disability and as a partial permanent disability, depending upon the lessening of the injured individual's earning capacity.

"2. All other hernias, whenever occurring or discovered and whatsoever the cause, except as under paragraph 1 of this section, are considered diseases causing incapacitating conditions or permanent partial disability, but the permanent partial disability and the causes thereof are considered to be as shown by medical facts to have either existed from birth, ·to have been years in formation, or

both, and are not compensatory, unless it is proved:

"(a) That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment.

"(b) That the descent of the hernia occurred immediately following the cause.

"(c) That the cause was accompanied or immediately followed by severe pain in the hernial region.

"(d) That the facts in subdivisions (a), (b) and (c) of this paragraph were of such severity that they were noticed by the claimant and communicated immediately to one or more persons.

"If the facts in subdivisions (a), (b), (c) and (d) of this paragraph are proven, the hernias are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but for not to exceed two months."

permit the exposure of protrusion of the abdominal viscera or some part thereof and you said yes.

"A   Yes.

"Q   *That is true of every inguinal hernia; isn't it?*

"A   *That's correct.*

"Q   *And confining ourselves in a general sense to those left inguinal hernias which arise because of a strain either a lifting, a pulling or pushing strain that would be true in every such type of hernia; wouldn't it?*

"A   *That's correct.*" (Emphasis added)

Figueroa maintains that the above testimony of Dr. Gonzalez on cross-examination does not controvert the doctor's prior conclusion on direct examination that Figueroa suffered a real traumatic hernia on 21 January 1972. He submits that the doctor was testifying on the basis of his medical knowledge and not on the basis of statutory definitions and legal distinctions.

In conjunction with his initial contention Figueroa asserts that the distinction between "real traumatic hernias" and "all other hernias" as defined in A.R. S. § 23–1043, must be established by expert medical testimony. Figueroa observes that when the issue before the Commission is within the exclusive knowledge of a medical expert, and only one expert appears before the Commission, then the findings of that expert are conclusive on the Commission. See Jones v. Industrial Commission, 81 Ariz. 352, at 358, 306 P.2d 277 (1957). While this proposition is basically true, it may be more accurately observed that uncontroverted medical testimony as to matters solely within the medical province cannot be arbitrarily rejected by the Industrial Commission. Benavides v. Industrial Commission, 19 Ariz.App. 467, 508 P.2d 354 (1973). The Commission was certainly entitled to determine from the foregoing testimony that Dr. Gonzalez was attempting to state a legal conclusion rather than simply offer his medical opinion. Consequently, any suggestion that the Commission acted arbitrarily in rejecting Dr. Gonzalez's testimony is groundless in light of its inherent need for further interpretation and analysis.

The question remains whether the evidence reasonably supports the Commission's conclusion that Figueroa did not suffer a "real traumatic hernia" on 21 January 1972 within the meaning of A.R.S. § 23–1043(1). We believe that it does.

Figueroa submits that the facts in the instant case are identical to those in Wynn v. Industrial Commission, 14 Ariz.App. 424, 484 P.2d 36 (1971), and our decision should be controlled by the result reached therein. We agree that the facts here are very similar to those in the *Wynn* case, supra, but we note that the decision in *Wynn* is unclear as to the origin of and full extent of the injury to the applicant's abdominal wall. This factor is particularly crucial in determining which of the subsections of A.R.S. § 23–1043 will control the compensation for a particular hernia injury.

Subsection 1 of A.R.S. § 23–1043 distinguishes "real traumatic hernias" from "all other hernias" characterized in subsection 2 of that statute. This distinction manifests the Legislature's intent to provide different compensation for hernias which result in an injury to the abdominal wall permitting the abdominal viscera to actually protrude or escape from the body. We predicate this observation on our interpretation of the language of subsection 1 and the case law of other jurisdictions who have similar statutes.

A resort to the definition of terms in interpreting statutory enactments is often beneficial. State v. Harpham, 2 Ariz.App. 478, 410 P.2d 100 (1966). The Legislature's use of the word "traumatic" in subsection 1 is most significant. Black's Law Dictionary, 4th Edition Rev., defines "traumatic" as an adjective meaning "caused by or resulting from a wound or any external injury. . . ." The term has received similar definition in workmen's compensation cases. In Smith v.

Garside, 76 Nev. 377, 355 P.2d 849, 852 (1960), the Nevada Supreme Court said:

> " 'Traumatic' (derived from the Greek trauma, a wound) is defined by Webster as 'of, pertaining to, or resulting from a trauma; caused by a wound, injury or shock . . . .' This is even further confined by the Funk & Wagnall definition relied on in Higgens v. Department of Labor & Industries, infra: 'any injury to the body caused by violence.' " 355 P.2d at 852.

See also Straight Creek Fuel Co. v. Hunt, 221 Ky. 265, 298 S.W. 686 (1927).

Words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended. A.R.S. § 1–213. See also Huerta v. Flood, 103 Ariz. 608, 447 P.2d 866 (1968); State v. Miller, 100 Ariz. 288, 413 P.2d 757 (1966). Our purpose is to give effect to the intention of the Legislature in enacting our statutes and wherever possible this purpose is best served by giving words the meaning ordinarily ascribed to them. Brown v. Superior Court In and For Pima County, 2 Ariz. App. 434, 409 P.2d 593 (1966). The use of the word "traumatic" as defined above is not ambiguous. The inescapable conclusion is that the Legislature intended to differentiate those hernias resulting from a traumatic puncture or tear of the external abdominal wall from those which more typically result from a combination of a less severe injury or strain, and a congenital weakness of body tissue.

Subsection 2 of A.R.S. § 23–1043 speaks of all other compensable hernias as those resulting from "a sudden effort or severe strain or blow received while in the course of employment." A.R.S. § 23–1043(2)(a). The inclusion of the word "blow" in subsection 2 does not defeat the distinction between "real traumatic hernias" and "all other hernias." A statute must be construed as a whole with effect being given to all of its provisions if possible. Adams Tree Service Inc. v. Trans-America Title Ins. Co., 20 Ariz.App. 214, 511 P.2d 658 (1973). Where part of a statute is susceptible to two constructions, that construction should be adopted which is consistent with other language of the statute. Western Coal and Min. Co. v. Hilvert, 63 Ariz. 171, 160 P.2d 331 (1945). Construing subsection 1 and subsection 2 together we are of the opinion that the Legislature was aware of the fact that any hernia may be precipitated by a blow but nevertheless intended to differentiate, for purposes of industrial compensation, between those which result in the protrusion of viscera caused by a traumatic puncture or laceration and all other hernias. The Legislature would not have made this distinction had they not intended to compensate differently those severe hernias contemplated by subsection 1 and all other hernias which would come within subsection 2.

A number of cases dealing with statutes similar or identical to A.R.S. § 23–1043 have been decided in other jurisdictions. In Periss v. Nevada Industrial Commission, 55 Nev. 40, 24 P.2d 318 (1933), the claimant incurred a hernia as the direct consequence of a blow to his abdomen with a jackhammer. The Nevada Supreme Court, in construing a Nevada Industrial Commission rule identical to A.R.S. § 23–1043(1), held:

> "It is very evident that the commission in adopting rule 1 intended that the word in question should receive its commonly accepted meaning; hence we are led to conclude that the commission had in mind an injury to the abdominal (belly) wall of sufficient severity as to so result in the exposure or protruding of some part of the abdominal viscera. After a careful consideration of the rule, in the light of the authorities, we do not see how we can possibly come to any other conclusion.

> "Does the evidence sustain the finding that the plaintiff suffered an injury on August 8, 1931, resulting in a traumatic hernia? We are unable to find evidence in the record showing that he did.

The evidence shows that the plaintiff was injured on the date mentioned by being struck with a jack hammer, and the evidence also shows that as a result thereof the plaintiff experienced soreness and some pain and a swelling in the groin, but there is no testimony that such accident resulted in an injury to the abdominal (belly) wall of sufficient severity to result in the exposure or protruding of the abdominal viscera, or any part thereof. The mere fact that one receives a severe injury in the groin, causing soreness, pain, and a swelling, is not sufficient to show that a traumatic hernia resulted." 24 P.2d at 319–320.

The Supreme Court of New Jersey, in Rosario v. Heller Bros. Co., 2 N.J.Misc. 951, 126 A. 294 (1924), was unable to conclude that a claimant who had been struck by a wheelbarrow handle had suffered a traumatic hernia absent a showing of a puncturing or tearing of the abdominal wall.

Finally, in Cavalier v. Chevrolet Motor Co. of New York, Inc., 189 A.D. 412, 178 N.Y.S. 489 (1919), the New York Court was unable to reach the legal conclusion that a right inguinal hernia diagnosed as being traumatic was statutorily traumatic without some wounding of the body.

In the case at bar, Dr. Gonzalez, in spite of his legal characterization of Figueroa's hernias, gave no history which would imply that those hernias resulted from a trauma to the abdominal wall. Moreover, the record reveals that Figueroa was hospitalized for nonindustrial pneumonia in August, 1972, and it was thereafter learned that Figueroa has another left inguinal hernia. Without relating any medical history pertinent to this most recent hernia, Dr. Gonzalez has diagnosed it as a "recurrent hernia."

Confronted with all the relevant facts the Industrial Commission obviously concluded that it could only predicate compensation for this applicant on A.R.S. § 23–1043(2). The Commission's review suggested to it that Figueroa's hernias resulted from "severe strain" [A.R.S. § 23–1043(2)(a)] and that such "hernias are considered to be aggravations of previous ailments." [A.R.S. § 23–1043(2)]

■■ Our Supreme Court has held that for an appellate court to set aside an award of the Industrial Commission:

" . . . that it must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion." In re Estate of Bedwell, 104 Ariz. 443, 444, 454 P.2d 985, 986 (1969).

Based upon our interpretation of A.R.S. § 23–1043, we hold that as a matter of law the Commission could only conclude that Figueroa's hernia of 21 January 1972 was compensable only to the extent provided in A.R.S. § 23–1043(2) absent a showing of a traumatic injury to the abdominal wall.

Figueroa finally contends that he is entitled to continuing benefits as a result of his hernia of 21 January 1972, and that he is entitled to reopen his hernia claim of 6 January 1971. Figueroa predicates this contention on the theory that his hernia discovered in August, 1972, while hospitalized for pneumonia, is causally connected to his 1971 and 1972 industrially related hernias. He maintains that because his January, 1972 hernia was a "real traumatic hernia" his compensation and medical benefits are to be determined pursuant to A.R.S. § 23–1043(1) which could permit him to receive continuing disability compensation. Further, he argues that his August, 1972 hernia is in itself a new, additional, or previously undiscovered disability which supports his petition to reopen his 1971 hernia claim. (A.R.S. § 23–1061.H) We disagree with both parts of this final contention.

■ As we have already concluded, Figueroa's benefits for the hernia of 21 January 1972 are controlled by A.R.S. § 23–1043(2). The record shows that he has

already received the maximum compensation under that section. Figueroa's hernia detected in August, 1972, does not, in view of the record, support his petition to reopen his hernia claim of 6 January 1971. His right to reopen is limited to a new, additional, or previously undiscovered disability which was unknown and not considered at the time of the original award. Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965). The burden of establishing a new, additional, or previously undiscovered disability is on the applicant. Elliot v. Industrial Commission, 4 Ariz.App. 181, 418 P.2d 611 (1966); Davila v. Industrial Commission, supra. Figueroa has failed to meet the requisite burden. Moreover, Dr. Gonzalez testified that Figueroa's most recent hernia, for which he had no medical history, was a recurrent hernia. A recurrent hernia is not compensable, Williams v. Industrial Commission, 68 Ariz. 147, 202 P.2d 898 (1949), unless it results from a new accident. Pace v. Industrial Commission, 71 Ariz. 216, 225 P.2d 705 (1950). Figueroa presented no evidence of a new accident precipitating his most recent hernia.

On review, the appellate court does not weigh the evidence in a workman's compensation case. Haynes v. Industrial Commission, 19 Ariz.App. 559, 509 P.2d 631 (1973). It is presumed that the Industrial Commission, in making an award, considers all relevant evidence. Scott v. Industrial Commission, 11 Ariz. App. 20, 461 P.2d 499 (1969). Having reviewed the evidence in this case in a light most favorable to sustaining the findings of the Commission, Spears v. Industrial Commission, 20 Ariz.App. 406, 513 P.2d 695 (1973); Rowe v. Industrial Commission, 20 Ariz.App. 77, 510 P.2d 388 (1973); Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968), we find that the award is reasonably supported by the evidence. The award of the Industrial Commission is affirmed.

WREN, P. J., and FROEB, J., concur.