543 P.2d 785

Jesus **FIGUEROA**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of
Arizona, Respondent,

New Pueblo Construction Company,
Respondent Employer,

Employers Mutual Liability Insurance Com-
pany of Wisconsin, Respond-
ent Carrier.

No. 11939–PR.

Supreme Court of Arizona,
In Banc.

Dec. 18, 1975.

Rehearing Denied Jan. 20, 1976.

Gilbert Gonzalez, Lawrence Ollason, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, Mary M. Schroeder, Phoenix for respondent employer and carrier.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by certiorari from awards by the Industrial Commission on two consolidated claims. In one, the Commission denied petitioner's claims for benefits for a nonscheduled disability for a left inguinal hernia, and in the other, denied an application to reopen a former claim on the grounds of a previous or undiscovered disability. The Court of Appeals affirmed. We accepted review. Opinion of the Court of Appeals, 22 Ariz.App. 594, 529 P.2d 1188 (1974), vacated, and the awards of the Industrial Commission set aside.

There are three incidents of herniation which are important to the determination here.

Petitioner first suffered a left inguinal hernia on January 6, 1971 while in the course of his employment. Thereafter a successful herniorrhaphy was performed and petitioner returned to work. How petitioner's injury occurred is not clear. The Workman's Report states:

"Was lifting some heavy material and felt pain left side."

The Employer's Report states:

"Employee was loading asphaltic concrete on bucket of backhoe when driver moved bucket the wrong way, brushing against employee on the right side * * *."

But we think at this juncture of the case it is immaterial.

About a year later, on or about January 21, 1972, petitioner suffered another left inguinal hernia. This hernia occurred when petitioner slipped into a ditch about three feet deep and fell to his knees as he was carrying a 16-foot gang form. Again a successful operation was performed. Thereafter petitioner was released to light work, but, being a construction laborer, was unable to obtain light work because none was available in the construction industry. On January 15, 1973, medical benefits were terminated for petitioner's second injury and thereafter petitioner timely requested a rehearing, claiming compensation under A.R.S. § 23–1043, infra.

Finally petitioner developed a third hernia at or near the site of the other hernias. He thereupon filed a petition to reopen the January 6, 1971 injury for the reasons that the third hernia was recurrent, related to and resulted from the two prior hernias. A hearing was held on March 9, 1973, at which the application to reopen the first claim and for a rehearing on the termination of benefits on the second claim were consolidated. As a result of this hearing, the petitioner's applications were both denied.

It is, of course, undisputable that if an employee while working for his employer and while lifting some heavy object dislocates a vertebra, pulls a tendon or bursts a blood vessel, the resulting injury would be compensable under workmen's compensation statutes. Hence, it is generally held

that a hernia sustained as the result of a strain while performing work is a compensable accident or a compensable accidental injury under workmen's compensation laws. See 98 A.L.R. 205 (1935) and 114 A.L.R. 1342 (1938).

The causes of herniae are usually classified in two categories. In the Lawyers' Medical Cyclopedia, Vol. 4, revised 1975, § 30.156 at page 366, for example, these statements can be found:

"Any condition which gives rise to increased intra-abdominal tension, particularly if it is repeated or long-standing, can predispose to hernia formation even when there is a normal abdominal wall. Into this group fall strain imposed by heavy lifting, * * *.

\* \* \* \* \* \*

Herniae may also occur without undue stress if there is an abnormal abdominal wall. This may come about through muscular wasting, due to old age, or chronic debilitating disease when it is often rather diffuse in nature. Herniae also may occur at the site of an old operative incision."

By statute, in Arizona hernias parallel the medical grouping, being classified for compensation purposes in two categories. A.R.S. § 23–1043 provides:[1]

" * * * the following rules for rating hernias shall govern:

1. Real traumatic hernia is an injury to the abdominal wall of sufficient severity to puncture or tear asunder the wall * * *." [Category 1]

2. All other hernias * * * whatsoever the cause * * * are considered diseases * * * but * * * the causes thereof are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both * * *." [Category 2]

■ The statute defines a traumatic hernia as an injury to the abdominal wall.

1. "§ 23–1043. Hernias classified for compensation purposes

All hernias are considered injuries within the provisions of this chapter causing incapacitating conditions or permanent disability, and until otherwise ordered by the commission, the following rules for rating hernias shall govern:

1. Real traumatic hernia is an injury to the abdominal wall of sufficient severity to puncture or tear asunder the wall, and permit the exposure or protrusion of the abdominal viscera or some part thereof. Such injury will be compensated as a temporary total disability and as a partial permanent disability, depending upon the lessening of the injured individual's earning capacity.

2. All other hernias, whenever occurring or discovered and whatsoever the cause, except as under paragraph 1 of this section, are considered diseases causing incapacitating conditions or permanent partial disability, but the permanent partial disability and the causes thereof are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both, and are not compensatory, unless it is proved:

(a) That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment.

(b) That the descent of the hernia occurred immediately following the cause.

(c) That the cause was accompanied or immediately followed by severe pain in the hernial region.

(d) That the facts in subdivisions (a), (b) and (c) of this paragraph were of such severity that they were noticed by the claimant and communicated immediately to one or more persons.

If the facts in Subdivisions (a), (b), (c) and (d) of this paragraph are proven, the hernias are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but for not to exceed two months."

A.R.S. § 23–1043 was taken almost word for word by the Arizona Legislature from the Rules of the Utah Industrial Commission. Compare § 71, Ch. 83, Laws of 1925, with the Utah rule quoted in *McEwan v. Ind. Comm.*, 61 Utah 585, 589–90, 217 P. 690, 691–92 (1923). The parties have not, however, cited us to any Utah decision construing its rule and our research has not uncovered any case which might enlighten us on our problem here.

While the word "traumatic," itself, is often used in the sense of a blow only, by definition it also includes wounds such as sprains and dislocations. Webster's Third New International Dictionary. The word "injury" used in the definition is a word synonymous with "hurt, damage and harm." Webster's, *supra*. So, by the statute, a traumatic hernia is damage or harm of sufficient magnitude to tear the abdominal wall.

█ In the group "all other hernias" there is also strain and damage to the abdominal wall. The words of subparagraph (a) of paragraph 2 point to this beyond doubt:

"That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow * * *."

Since the manner of the occurrence of the injury is the same in both categories, there must be some other distinction upon which to base a difference in compensation. The vital distinction in category 2 hernias is that as a cause of the herniation, concurring with the strain, there is the abnormal weakness of the muscular structure, either existing from birth, or which formed through muscular wasting, old age, debilitating disease, or both.

It is to be concluded, therefore, that the difference between the two categories is primarily a medical one to be determined by whether a contributing cause of the herniation was the abnormal weakness of the muscular structure of the walls of the abdomen as set forth in the statute. If such a muscular weakness exists, it is a category 2 hernia. But, otherwise, it is a category 1 hernia.

█ From our conclusions as to the meaning of the statute, it is clear the Commission erred. The *only* testimony as to the cause of the third hernia was from petitioner's doctor, Humberto C. Gonzalez. Dr. Gonzalez is licensed to practice medicine in Arizona, a board certified surgeon, a diplomate of the American Board of Surgery, and has probably performed 1,000 hernia operations.

"Q. * * * Doctor, do you have an opinion with a reasonable medical probability as to whether or not his two previous accidents which caused his surgical repairs of January 30, 1971 and March 17, 1972, had a causal connection to this man's present condition?

*       *       *       *       *       *

THE WITNESS: The answer is yes.

*       *       *       *       *       *

Q. What is that opinion, doctor?

A. That it definitely had a causal— that the present condition is related to the two previous surgical procedures in that I feel certain that the weakened groin has—the groin weakened by the two previous procedures is now a prime target for a recurrent hernia.

*       *       *       *       *       *

Q. The one he has now, doctor, are you saying that is related to his two other episodes?

A. I feel he developed this hernia that he has now because he had two previous hernias repaired."

Since the causation is a weakened groin, weakened by the two previous procedures, and the third hernia directly resulted from former injuries which arose out of and in the course of petitioner's employment, petitioner is entitled as a minimum to medical benefits and compensation of some kind. *Murray v. Ind. Comm.*, 87 Ariz. 190, 349 P.2d 627 (1960); *Royal-Globe Ins. Co. v. Ind. Comm.*, 15 Ariz.App. 242, 488 P.2d 178 (1971); *Romero v. Ind. Comm.*, 11 Ariz.App. 5, 461 P.2d 181 (1969).

█ It is apparent that the Commission's award in both cases must be set aside, the award in Cause 1 CA–IC 1020 because the evidence is uncontradicted that the third hernia developed as a result of the two previous hernias; and, second, in Cause 1 CA–CIV 1019, because the Commission determined that petitioner's second hernia was a category 2 hernia. The test

the Commission applied was contrary to the statute, being that the viscera or part thereof was "exposed or protruding entirely through the abdominal wall as the referred Code section states must occur."

It is the rule here in Arizona, as elsewhere, that the employer takes the employee as he finds him, and since category 2 hernias limit the compensation to a period not to exceed two months, and since the Constitution of Arizona, by Article 18, § 8, directs that "compensation shall be required to be paid to any * * * workman * * * [because of] any accident arising out of, and in the course of, such employment * * *," we hold that a hernia incurred by injury to a workman arising out of and in the course of his employment must be presumed to be a class 1

hernia unless competent evidence is introduced to the contrary.

The awards of the Industrial Commission are set aside.

CAMERON, C. J., and HAYS and GORDON, JJ., concur.

HOLOHAN, Justice (dissenting).

The opinion of the Court of Appeals, in my judgment, correctly decided this case, and I cannot accept the majority's interpretation of A.R.S. § 23–1043. Further, I find no justification or authority for a presumption that all hernias are of a traumatic class.

I would affirm the award of the Industrial Commission.