NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

R & L CARRIERS, *Petitioner*,

TWIN CITY FIRE INSURANCE/GALLAGHER BASSETT SERVICES,
*Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

KENNETH J. LEMASTER, *Respondent Employee*.

No. 1 CA-IC 15-0028
FILED 5-5-2016

Special Action - Industrial Commission

ICA Claim No.  20113-560244
Carrier Claim No. 002700-003051-WC-01
Rachel C. Morgan, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Lester, Norton & Brozina, P.C., Phoenix
By Steven C. Lester, Christopher S. Norton, Rachel P. Brozina
*Counsel for Petitioners Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Fendon Law Firm, PC, Phoenix
By J. Victor Stoffa
*Counsel for Respondent Employee*

———————————————

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

———————————————

**P O R T L E Y**, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona ("ICA") decision upon review awarding temporary disability benefits. Two issues are presented on appeal:

> (1) whether the administrative law judge ("ALJ") erred by finding that the respondent employee's ("claimant's") industrial injury was not limited to a nontraumatic hernia; and

> (2) whether the ALJ's resolution of the medical conflict was an abuse of discretion.

We find that the evidence of record reasonably supports the ALJ's conclusion that Lemaster's industrial injury caused more than a nontraumatic hernia. Further, we find no abuse of discretion in the resolution of the medical conflict. As a result, we affirm the decision upon review.

**JURISDICTION AND STANDARD OF REVIEW**

**¶2** This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and

Arizona Rules of Procedure for Special Actions ("Rule") 10 (2009).[1]   In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).  We consider the evidence in the light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## PROCEDURAL AND FACTUAL HISTORY

**¶3**        At the time of his injury, Lemaster worked as a delivery driver for the petitioner employer, R & L Carriers ("R & L").  While lifting a 175-pound item off his truck, it slipped and he twisted to keep it from falling.  He felt a snap in his left lower abdomen and groin followed by aching and pain.  He filed a workers' compensation claim, which was accepted for benefits by the petitioner carrier, Twin City Fire Insurance/Gallagher Bassett Services ("Twin City").  He received medical, surgical, and disability benefits.  His claim was eventually closed with no permanent impairment, and he filed a timely protest.

**¶4**        Following ICA hearings, an ALJ entered an award finding Lemaster was not medically stationary and was entitled to continuing active medical care.  In the award, the ALJ specifically found he was credible and resolved the medical conflict in favor of Tory McJunkin, M.D.

> [T]he opinions and conclusions regarding the need for iliohypogastric and ilioinguinal nerve blocks and radiofrequency ablation and further care and treatment, as outlined by Dr. McJunkin, are adopted herein as being most probably correct and well-founded.

**¶5**        Lemaster filed an A.R.S. § 23-1061(J) hearing request on June 24, 2013, and asserted that Twin City had failed to pay him temporary disability benefits for periods of time that he was off work following his industrial injury.[2]  The ICA scheduled hearings, and Lemaster testified that he had received temporary disability benefits until October 25, 2012.  When he first saw Dr. McJunkin on November 15, 2012, he was placed in a no-

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] A.R.S. § 23-1061(J) provides that a claimant may request an investigation by the ICA into the payment of benefits, which the claimant believes that he is owed but has not been paid.

work status. He remained in a no-work status until his claim became medically stationary and was closed on November 13, 2013.

¶6 Following hearings for testimony from Lemaster, Dr. McJunkin, and independent medical examiner Gary Dilla, M.D., the ALJ entered an award denying temporary disability benefits. Lemaster timely requested administrative review, and the ALJ vacated in part and supplemented the award. Twin City brought this appeal.

## DISCUSSION

¶7 Twin City first argues that the ALJ erred as a matter of law in reversing her original decision, which had limited Lemaster to two months of temporary disability benefits pursuant to A.R.S. § 23-1043(2). An ALJ has broad discretion on administrative review to revise the award and he or she "may affirm, reverse, rescind, modify or supplement the award and make such disposition of the case as is determined to be appropriate." A.R.S. § 23-943(F). In the absence of a clear abuse of discretion, this court will not set aside an award by reason of the ALJ's decision in a request for review. *Howard P. Foley Co. v. Indus. Comm'n*, 120 Ariz. 325, 327, 585 P.2d 1237, 1239 (App. 1978).

¶8 In the December 5, 2014 Award, the ALJ initially found:

### FINDINGS
#### a. Temporary Compensation

1. Applicant, a delivery truck driver, sustained a compensable hernia injury while delivering a ceramic grill on the date of injury.

2. Under A.R.S. [§] 23-1043, an applicant who sustained a compensable hernia injury will be compensated as such for time lost only to a limited extent not to exceed two months.

* * * *

5. Applicant is awarded no more than two months of temporary compensation pursuant to A.R.S. § 23-1043, with credit given to the carrier for any overpayment.

¶9 On administrative review, Lemaster argued that his industrial injury was not limited to a nontraumatic hernia. Instead, he asserted that the May 24, 2013 Award established that he had also sustained

an injury to his ilioinguinal and/or iliohypogastric nerves resulting in the radiation of pain into his left inguinal area, left testicle, and left leg. The ALJ agreed, and found:

> B. The Decision Upon Hearing and Finding and Award entered on December 5, 2014, is supplemented as follows:
>
> Applicant, a delivery truck driver, sustained a compensable hernia injury while delivering a ceramic grill on the date of injury. Pursuant to the Decision Upon Hearing and Findings and Award for Continuing Benefits issued by the Commission on May 24, 2013, applicant sustained complications to his iliohypogastric and ilioinguinal nerves as a result of his industrial hernia and was awarded temporary total or temporary partial disability compensation benefits, as provided by law from December 9, 2012, until such time as his condition was determined to be medically stationary. Applicant's nerve injury complication takes his entitlement to benefits outside of the hernia statute. Because damage to the nerves is a compensable consequence of the industrial claim, applicant may be entitled to disability benefits if he was given work restrictions or taken off work for this compensable consequence.

¶10        Twin City argues that Lemaster failed to present medical evidence to establish that his nerve damage was a complication of his nontraumatic hernia. The record reveals that Dr. McJunkin, board-certified in anesthesia and pain management, began treating Lemaster on November 15, 2012, for complaints of abdominal, groin, and low back pain.[3]   Dr. McJunkin received a history of the industrial injury and subsequent hernia surgery, followed by ongoing left lower abdominal pain radiating to the inguinal area and left testicle. He reviewed Lemaster's industrially-related medical records, performed an examination, and reached tentative diagnoses of ilioinguinal neuralgia and lumbosacral radiculitis.

¶11        The doctor ordered ilioinguinal and iliohypogastric nerve blocks and a sacral MRI. The MRI was negative, but Lemaster obtained significant pain relief from the nerve blocks. Based on the success of the nerve blocks, Dr. McJunkin performed radiofrequency ablation (burning) of those nerves. As a result, it was the doctor's opinion that Lemaster's

---

[3] Dr. McJunkin works in a group practice, Arizona Pain Specialists, and his records pertaining to Lemaster were placed into evidence.

ilioinguinal neuralgia and his lumbosacral pain are causally related to his industrial injury. Because of his work-related residuals, Lemaster cannot return to his regular work and is limited to performing sedentary work. And it was Dr. McJunkin's opinion that Lemaster's industrially-related condition was stationary by December 18, 2013.

¶12 The compensability of hernias is governed by A.R.S. § 23-1043. *See generally Arizona Workers' Compensation Handbook* § 5.4.3, at 5-16 to -18 (Ray J. Davis, et al., eds., 1992 and Supp. 2015). The statute divides hernias into two categories: "[r]eal traumatic hernia[s]" and "[a]ll other hernias," i.e., nontraumatic hernias.[4] The type of hernia governs the disability benefits available to a claimant. With a nontraumatic hernia, a claimant is statutorily limited to a maximum of two months of temporary disability benefits. *See* A.R.S. § 23-1043(2). The limitation is inapplicable when complications arise as a result of the nontraumatic hernia. *Hanley v. Indus. Comm'n*, 159 Ariz. 403, 767 P.2d 1193 (App. 1989).

¶13 In *Hanley*, the claimant sustained an industrially related nontraumatic hernia and underwent surgical repair. *Id.* at 405, 767 P.2d at 1195. He subsequently developed sympathetic dystrophy in his lower right abdomen. *Id.* His general surgeon attributed the pain to entrapment of the ilioinguinal nerve, a complication of his surgery. *Id.* When the hernia claim was closed, the claimant timely protested. *Id.* ICA hearings were held, and an ALJ entered an award limiting the claimant to the statutory maximum of two months of disability benefits for a hernia. *Id.* at 406, 767 P.2d at 1196. On administrative review, the claimant argued that this limitation was inapplicable due to his sympathetic dystrophy. *Id.* The ALJ affirmed the award, and the claimant appealed to this court. *Id.* We held that complications of a nontraumatic hernia are not subject to the statutory two-month limitation on disability benefits. *Id.* at 405, 767 P.2d at 1193; *see also Superlite Builders v. Indus. Comm'n*, 126 Ariz. 51, 612 P.2d 507 (App. 1980) (bilateral orchiectomy resulting from complications following nontraumatic hernia repair not within statutory two-month limitation on disability benefits).

¶14 In this case, Dr. McJunkin's testimony was legally sufficient to establish that Lemaster sustained complications from his nontraumatic hernia which place him outside of the statutory limitation on disability

---

[4] Medically, in a nontraumatic hernia there is an underlying abnormal weakness of the abdominal wall which is a contributing cause of the hernia. *See Figueroa v. Indus. Comm'n*, 112 Ariz. 473, 476, 543 P.2d 785, 788 (1975).

benefits.  If the complications limited his ability to work, he was entitled to receive temporary disability benefits for his lost wages.

¶15     The record reveals that Lemaster was released to light duty at R & L on May 3, 2012.  Lemaster testified that he swept, cleaned the docks, looked for freight and trailer numbers, and did minor things on the computer.  He received temporary disability benefits for lost wages until October 25, 2012.  He also testified that there was never a time after his industrial injury when he was released to regular work without restrictions.  On November 15, 2012, Dr. McJunkin placed him in an off-work status while the doctor tried to determine the basis for his ongoing physical complaints.  Lemaster remained off work until his claim became medically stationary.

¶16     The ALJ is the sole judge of witness credibility.  *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551, 679 P.2d 571, 574 (App. 1984).  It is her duty to resolve all conflicts in the evidence and to draw all warranted inferences.  *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217, 439 P.2d 485, 489 (1968) (citations omitted).  In this case, the ALJ awarded Lemaster temporary disability benefits for the entire period that he was on light duty and off work.  Although the ALJ did not make an express credibility finding, some findings are implicit in an ALJ's award.  *See Pearce Dev. v. Indus. Comm'n*, 147 Ariz. 582, 583, 712 P.2d 429, 430 (1985).  We conclude, as a result, that the ALJ adopted Lemaster's testimony regarding his work status.

¶17     For all of the foregoing reasons, we find no error in the ALJ's resolution of the medical conflict in favor of Dr. McJunkin nor in the award of temporary disability benefits in excess of the statutory limitation for nontraumatic hernias.  We affirm the decision upon review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama